1  **LOUIS R. DUMONT – State Bar No. 130198**
   **JILL W. BABINGTON – State Bar No. 221793**
2  **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA  90017**
   **(213) 228-0400 / (213) 228-0401 [Fax]**
4  **ldumont@crdlaw.com / jbabington@crdlaw.com**

5  Attorneys for Defendants, SANTA MONICA COMMUNITY COLLEGE
      DISTRICT, a public entity, [*also erroneously sued herein as "Santa Monica*
6     *College Police Department"*], CHIEF ALBERT VASQUEZ, SHERYL
      AGARD, JENNIFER JONES, and TARA CRITTENDEN, public
7  employees

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   Claim of RUSSEL RUETZ,<br><br>12                Plaintiff,<br><br>13        vs.<br><br>14   SANTA MONICA COMMUNITY<br>     COLLEGE DISTRICT, a municipal<br>15   corporation; SANTA MONICA<br>     COLLEGE POLICE DEPARTMENT,<br>16   an operating department thereof;<br>     ALBERT VASQUEZ, individually and<br>17   as Police Chief; KURT TRUMP,<br>     individually and as Acting<br>18   Chief/Sergeant; SHERYL AGARD,<br>     individually and as Secretary to the<br>19   Chief of Police; JENNIFER JONES,<br>     individually and as Secretary; TARA<br>20   CRITTENDEN, individually and as<br>     Dispatcher,<br><br>21                Defendants.<br>22<br>23 | Case No.: CV11-03921 JAK (Ex)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P., 12(b)(6); 12(e)]**<br><br>[Filed concurrently with Request to Take Judicial Notice]<br><br>Date:  June 27, 2011<br>Time:  1:30 p.m.<br>Courtroom:  750<br><br>Discovery Cut-Off:  Not set<br>Final Pre-Trial Conf.:  Not set<br>Trial:  Not set<br><br>**United States District Court Judge Honorable John A. Kronstadt** |

24

25        PLEASE TAKE NOTICE that on June 27, 2011 at 1:30 p.m., or as soon

26  thereafter as counsel may be heard in Courtroom 750 of the U.S. District Court,

27  Central District, Roybal Building, located at 255 E. Temple St., Los Angeles,

28  California, Defendant SANTA MONICA COMMUNITY COLLEGE DISTRICT

- 1 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1   ("SMCCD"), a public entity, CHIEF ALBERT VASQUEZ, SHERYL AGARD,

2   JENNIFER JONES, and TARA CRITTENDEN, public employees, hereby move

3   the Court to dismiss plaintiff's Complaint for failure to state a claim upon which

4   relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in

5   the alternative, for a more definite statement pursuant to Federal Rule of Civil

6   Procedure 8(a). This motion is made and based on the following grounds:

7         1.   Plaintiff's first claim for "FEHA discrimination" fails to state facts

8               sufficient to support a claim for relief;

9         2.   Plaintiff's second claim for "FEHA retaliation" fails to state facts

10               sufficient to support a claim for relief;

11         3.   Plaintiff's third claim for "FEHA Harassment" fails to state facts

12               sufficient to support a claim for relief;

13         4.   Plaintiff's fourth claim for "FEHA failure to take corrective action"

14               fails to state facts sufficient to support a claim for relief; and,

15         5.   Plaintiff's fifth claim for retaliation in violation of his First

16               Amendment rights under 42 U.S.C. § 1983 fails to state facts

17               sufficient to support a claim for relief,

18       This motion is made following meet and confer correspondence sent by the

19   moving party by both U.S. Mail and e-mail, pursuant to Local Rule 7-3, on May 5,

20   2011. Following that correspondence, the parties met and conferred

21   telephonically on May 10, 2011.

22

23

24   ///

25   ///

26   ///

27   ///

28   ///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1    This motion is made and based on this notice of motion, the memorandum

2   of points and authorities attached hereto, the pleadings and records on file with

3   this Court, and on such oral and documentary evidence as may be presented at the

4   hearing of this Motion.

5   DATED:  May 16, 2011                CARPENTER, ROTHANS & DUMONT

6

7                                By:    _____

8                                       LOUIS R. DUMONT
                                        JILL W. BABINGTON
9                                       Attorneys for Defendants,
                                        SANTA MONICA COMMUNITY
10                                      COLLEGE DISTRICT, a public entity,
                                        ALBERT VASQUEZ, SHERYL AGARD,
11                                      JENNIFER JONES, and TARA
                                        CRITTENDEN, public employees
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................... 1

II.     STATEMENT OF LAW .......................................................................... 2

        A.      This Motion To Dismiss Is Proper, Where The Plaintiff
                Has Failed To State Facts Sufficient To Constitute Any
                Claim For Relief Against The Defendants ..................................... 2

        B.      Plaintiff's First Claim For Discrimination In Violation Of
                California's FEHA Fails To State Facts Sufficient To
                Support A Claim For Relief ............................................................ 4

        C.      Plaintiff's Second Claim For Retaliation In Violation Of
                California's FEHA Fails To State Facts Sufficient To
                Support A Claim For Relief ............................................................ 6

        D.      Plaintiff's Third Claim For Harassment In Violation Of
                California's FEHA Fails To State Facts Sufficient To
                Support A Claim For Relief ............................................................ 9

        E.      Plaintiff's Fourth Claim For Failure To Take Corrective
                Action In Violation Of California's FEHA Fails To State
                Facts Sufficient To Support A Claim For Relief ......................... 12

        F.      Plaintiff's Fifth Claim For Violation Of His First
                Amendment Rights Under 42 U.S.C. §1983 Fails To
                State Facts Sufficient To Support A Claim For Relief ................. 12

        G.      Alternatively, The Court Should Order That Plaintiff
                Provide A More Definite Statement With Respect To
                The 1983 Cause Of Action Where It Seeks ................................. 16

III.    CONCLUSION ........................................................................................ 16

1

# TABLE OF AUTHORITIES

2

**Cases**

3

Akers v. County of San Diego, 95 Cal.App.4th 1441 (2002) ............................... 5

4

Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937 (2009) ................................... passim

5

6

Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1988) ....................... 2

7

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........................................ 3

8

9

Berry v. Baca, 379 F.3d 764 (9th Cir. 2004) ...................................... 15

10

Connick v. Myers, 461 U.S. 138, 146 (1983) ....................................... 13

11

Faragher v. City of Boca Raton, 524 U.S. 775 (1998) ........................................ 10

12

13

Fisher v. San Pedro Peninsula Hosp., 214 Cal.App.3d 590 (1989) ......... 9, 10, 11

14

George v. California Unemployment Ins. Appeals Bd.,
   179 Cal.App.4th 1475 (2009) .................................................................... 6

15

16

Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992) ......................................... 15

17

Hunter v. Allis-Chalmers Corp., 797 F.2d 1417 (7th Cir. 1986) ..................... 10

18

19

Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1156 (2008) ................. 5

20

Kelley v. Johnson, 425 U.S. 238 (1976) ............................................... 14

21

22

Lucas v. Dept. of Corrections, 66 F.3d 245 (9th Cir. 1995) ................................ 3

23

Miller v. Department of Corr., 36 Cal.4th 446 (2005) ....................................... 6

24

Monell v. Department of Social Services of City of New York,
   436 U.S. 658 (1978) ................................................................................. 15

25

26

Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.
   103 Cal.App.4th 1021 (2002) ................................................................. 12

27

28

Oviatt v. Pearce, 954 F.2d 1470 (9th Cir. 1992) ............................................... 15

Taylor v. City of Los Angeles Dept. of Water and Power,
    144 Cal.App.4th 1216 (2006) ................................................................ 7

Trujillo v. North County Transit Dist., 63 Cal.App.4th 280 (1998) ................. 12

Turner v. Reno, 976 F.2d 738 (9th Cir. 1992) .................................................... 13

Van Compernolle v. City of Zeeland, 241 Fed. Appx. 244 (6th Cir. 2007) ...... 13

Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028 (2005) ........................... 5, 6, 8

**Statutes**
42 U.S.C. 1983 ....................................................................................... 12, 15, 16

CAL. GOVT. CODE § 12940 ............................................................... 4, 6, 7, 12

CAL. GOVT. CODE § 3303 .............................................................................. 14

FED. R. CIV. P. 12 ................................................................................... 2, 3, 16

**Other Authorities**
CAL. CIV. JURY INSTR. 2500 ........................................................................... 4

CAL. CIV. JURY INSTR. 2527 ......................................................................... 12

CAL. CODE REGS., tit. 2, § 7287.8 ................................................................... 8

- iii -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Russell Ruetz, a Santa Monica Community College District ("SMCCD") police officer, filed a civil action against SMCCD, its Chief of Police Albert Vasquez, former Sergeant Kurt Trump, Secretary to the Chief of Police Sheryl Agard, Secretary Jennifer Jones, and Dispatcher Tara Crittenden alleging that he was subject to reverse discrimination on the basis of ethnicity (Caucasian), retaliation, harassment, that SMCCD failed to take corrective action, and that his First Amendment Rights abridged when he was put on administrative leave and told not to contact any college employee.

The plaintiff alleges that this conduct began in March of 2008, yet complaints with the California Department of Fair Employment and Housing ("DFEH") were not filed until around May 2010. [Request for Judicial Notice, Ex. "A".] A large part of the conduct the plaintiff complains of relates to union organizing and his status as the parliamentarian of his peace officers association. [Complaint, ¶¶ 17-24.] However, these union activities are not protected activities for purposes of the California Fair Employment and Housing Act ("FEHA").

Beyond these allegations, plaintiff lists five comments purportedly relating to his race that likewise occurred over a period of three years (2008-2010). [Complaint, ¶¶ 28-32.] In light of the one-year statute of limitations on FEHA claims, it should be noted that plaintiff never specifies during which part of that three-year period these comments were made in.

After these comments were made over the three years, plaintiff then alleges that in February or March of 2010, he complained to SMCCD Chief of Police Al Vasquez about them. [Complaint, ¶ 30.] On March 30, 2010, Ruetz was placed on administrative duty. [Complaint, ¶ 31.] Importantly, plaintiff never states why he was placed on administrative duty. Following this, on May 3, 2010, the

- 1 -

1  plaintiff was placed on administrative leave. [Complaint, ¶ 25.] It is at this point

2  that he alleges Chief Vasquez directed him not to communicate with any

3  employee of the college. [Id,] Just as with the assignment to administrative duty,

4  the plaintiff never states why he was placed on leave. However, Ruetz does

5  provide some insight when he states that in "June 2010, the Department/District

6  then issued a search warrant" for his house. [Id. at 27.] [1]

7       As will be shown below, each of the plaintiff's claims is subject to

8  dismissal for failure to state a claim upon which relief can be granted.

9  **II.**   **STATEMENT OF LAW**

10     **A.**   **This Motion To Dismiss Is Proper, Where The Plaintiff Has**

11         **Failed To State Facts Sufficient To Constitute Any Claim For**

12         **Relief Against The Defendants.**

13      Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss a

14 claim, or claims, where a complaint fails to state facts sufficient to support a claim

15 upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Further, a motion to

16 dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable

17 legal theory," or "the absence of sufficient facts alleged under a cognizable legal

18 theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988);

19 Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997). If a

20 claim for relief cannot be cured by amendment, it should be dismissed without

21

22 [1] The allegation that the SMCCD Police Department issued a search warrant belies

23 the plain meaning of California Penal Code § 1523, which states that "**a search**

24 **warrant is an order in writing**, in the name of the people, **signed by a**
   **magistrate**, directed to a peace officer, commanding him or her to search for a

25 person or persons, a thing or things, or personal property, and, in the case of a
   thing or things or personal property, bring the same before the magistrate."

26 (emphasis added). Therefore, SMCCD lacks the ability or the capacity to issue a

27 search warrant, and this portion of the Complaint fails to pass the Iqbal

28 /Twombly"plausibility" standard, discussed infra.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1    affording the plaintiffs leave to amend.   <u>Lucas v. Dept. of Corrections</u>, 66 F.3d
2    245, 248 (9th Cir. 1995).

3          The present Rule 12(b)(6) standard is a two-pronged approach that was
4    announced in <u>Ashcroft v. Iqbal</u>, -- U.S. --, 129 S.Ct. 1937 (2009).  There, the U.S.
5    Supreme Court held that to overcome a motion to dismiss, a claim must allege
6    "sufficient factual matter, accepted as true, to 'state a claim plausible on its face.'"
7    <u>Id.</u> at 1949.  "A claim has facial plausibility when the pleaded factual content
8    allows the court to draw the reasonable inference that the defendant is liable for
9    the misconduct alleged." <u>Id.</u>  "The plausibility standard is not akin to a
10   'probability requirement,' but it asks for more than a sheer possibility that a
11   defendant has acted unlawfully.  Where a complaint pleads facts that are "merely
12   consistent with" a defendant's liability, it "stops short of the line between
13   possibility and plausibility of 'entitlement to relief." <u>Id.</u> (internal citations
14   removed).

15         A pleading that offers "labels and conclusions" or "a formulaic recitation of
16   the elements of a cause of action will not do." <u>Id.</u> at 1949 (<i>citing</i> <u>Bell Atlantic</u>
17   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Similarly, "[t]hreadbare recitals of
18   the elements of a cause of action, supported by mere conclusory statements, do
19   not suffice."; <u>Bell Atlantic Corp.</u> at 550 U.S. at 555 ("Although for the purposes
20   of a motion to dismiss we must take all of the factual allegations in the complaint
21   as true, we 'are not bound to accept as true a legal conclusion couched as a factual
22   allegation' (internal quotation marks omitted.").

23         "In keeping with these principles a court considering a motion to dismiss
24   can choose to begin by identifying pleadings that, because they are no more than
25   conclusions, are not entitled to the assumption of truth. While legal conclusions
26   can provide the framework of a complaint, they must be supported by factual
27   allegations. When there are well-pleaded factual allegations, a court should

28

- 3 -

1  assume their veracity and then determine whether they plausibly give rise to an
2  entitlement to relief." Iqbal, 129 S.Ct. at 1950.

3      Using these standards, plaintiff's complaint does not plead sufficient facts
4  to constitute a claim for relief against the defendants.

5  **B.**      **Plaintiff's First Claim For Discrimination In Violation Of**
6                **California's FEHA Fails To State Facts Sufficient To Support A**
7                **Claim For Relief.**

8      In his first cause of action, the plaintiff alleges that he was discriminated
9  against "based on race [Caucasian] and opposition to racial discrimination."
10  [Compl. ¶ 39.] It is respectfully submitted that this cause of action should be
11  dismissed, where the plaintiff has failed to plead facts to support the essential
12  elements of this cause of action.

13      California's Fair Employment and Housing Act ("FEHA"), which is
14  embodied in California Government Code[2] § 12940(a) provides that it is an
15  unlawful employment practice "[f]or an employer, because of the race . . . of any
16  person . . . to discriminate against the person in compensation or in terms,
17  conditions, or privileges of employment." To establish a cause of action for
18  discrimination in violation of the FEHA, the Complaint must plead facts to
19  establish: (1) that plaintiff suffered an adverse employment action, (2) that
20  plaintiff's membership in a protected category was a motivating factor in that
21  adverse employment action, (3) that plaintiff was harmed, and (4) that the adverse
22  employment action was a substantial factor in causing plaintiff's harm. CACI
23  2500.

24      The defendants submit that this cause of action is subject to dismissal, where
25  the plaintiff has not pled facts (as opposed to legal conclusions) establishing that

26

27  _____

[2] All references herein to code provisions shall refer to California Codes unless
28  otherwise stated.

- 4 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1  he suffered an adverse employment action.  In this regard, in <u>Jones v. Lodge at</u>
2  <u>Torrey Pines Partnership</u>, 42 Cal.4th 1156 (2008), the California Supreme Court
3  held that, in order to establish either a discrimination or a retaliation claim, "an
4  employee must demonstrate that he or she has been subjected to an adverse
5  employment action that materially affects the terms, conditions, or privileges of
6  employment." <u>Id.</u> at 1169.  Here, when describing this adverse employment
7  action, the plaintiff merely states that he "was subjected to this adverse treatment
8  in the form of lack of promotion, counseling, involuntary administrative penalty,
9  denial of benefits, ostracism, negative evaluations, negative comment sheets,
10  reassignments, retaliation, and other acts and conduct by Defendants as further
11  described herein."  [Complaint, ¶ 36.]  This conclusory statement does not even
12  pass the first prong of the <u>Iqbal</u> standard.  <u>Iqbal</u>, 129 S.Ct. at 1950 ("[A] court
13  considering a motion to dismiss can choose to begin by identifying pleadings that,
14  because they are no more than conclusions, are not entitled to the assumption of
15  truth.")

16      In <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028 (2005) the California
17  Supreme Court defined an adverse employment action as one that is "final, no
18  longer subject to review and reversal or modification, and either results in an
19  employee's demotion or pay reduction, the elimination of advancement
20  opportunities, a material loss of benefits, a significant reduction in material job
21  responsibilities or some other action which has a comparable effect." <u>Id.</u> at 1054.
22  An employee must plead facts to establish that the employer's action substantially
23  and materially adversely affected the terms and conditions of the plaintiff's
24  employment.  See <u>Akers v. County of San Diego</u>, 95 Cal.App.4th 1441 (2002).
25  Vague and conclusory allegations of "lack of promotion, counseling, involuntary
26  administrative penalty, denial of benefits, ostracism, negative evaluations, negative
27  comment sheets, reassignments, retaliation, and other acts and conduct" are
28

- 5 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1  insufficient to satisfy the plaintiff's pleading requirement under Iqbal.

2           **C.**     **Plaintiff's Second Claim For Retaliation In Violation Of**
3                **California's FEHA Fails To State Facts Sufficient To Support A**
4                **Claim For Relief.**

5        In his second cause of action, the plaintiff alleges that after he "reported and

6  opposed discrimination, harassment, and retaliation in the workplace by his

7  employer and its agents," he was subjected to retaliation. [Compl. ¶ 49.] The crux

8  of this cause of action is the plaintiff's advocacy of and participation in union

9  activities. It is respectfully submitted that this cause of action is subject to

10  dismissal, where the plaintiff has not pled facts to establish that he engaged in

11  "protected activity" as defined by the FEHA and, as discussed above, has not pled

12  facts to establish that he was subjected to an adverse employment action.

13        "Employees may establish a prima facie case of unlawful retaliation by

14  showing that (1) they engaged in activities protected by the FEHA, (2) their

15  employers subsequently took adverse employment action against them, and (3)

16  there was a causal connection between the protected activity and the adverse

17  employment action." Miller v. Department of Corr., 36 Cal.4th 446, 472 (2005);

18  CAL. GOVT. CODE § 12940(h). The retaliatory animus must be a substantial factor

19  in the adverse employment action. George v. California Unemployment Ins.

20  Appeals Bd., 179 Cal.App.4th 1475, 1492 (2009). Moreover, as noted above, the

21  adverse employment action must be one that "materially affects the terms,

22  conditions, or privileges of employment." Yanowitz, 36 Cal.4th at 1054.

23        First, the plaintiff has not pled facts to establish that he engaged in a

24  protected activity as defined by the FEHA. In this regard, Plaintiff's allegations

25  contained in Paragraphs 17-24 relate to activities and alleged harassment that

26  occurred as a result of Reutz starting a peace officers association for the SMCCD

27  police officers. He alleges that another SMCCD officer made comments such as

28

-6-

1  the "Peace Officers Bill of Rights is a joke." [Complaint, ¶ 19.] These comments
2  cannot serve as the basis for a FEHA cause of action because engaging in POA
3  activity is not protected by the FEHA.

4    California Government Code § 12940 *et seq.* only protects discrimination,
5  harassment, or retaliation on the basis of "race, religious creed, color, national
6  origin, ancestry, physical disability, mental disability, medical condition, marital
7  status, sex, age, or sexual orientation." CAL. GOVT. CODE § 12940(a).
8  Furthermore, "[u]nder the FEHA, protected activity includes opposition to 'any
9  practices forbidden under this part or because the person has filed a complaint,
10  testified, or assisted in any proceeding under this part,' 'participated in any
11  manner in an investigation, proceeding, or hearing' in an administrative
12  proceeding." Taylor v. City of Los Angeles Dept. of Water and Power, 144
13  Cal.App.4th 1216 (2006), *citing* CAL. GOVT. CODE § 12940(h). The California
14  Code of Regulations clarifies what conduct constitutes a "protected activity"
15  under the FEHA and provides:

16    "(1) Opposition to practices prohibited by the Act includes, but
17    is not limited to:

18     (A) Seeking the advice of the Department or
19    Commission [of Fair Employment and Housing], whether or
20    not a complaint is filed, and if a complaint is filed, whether or
21    not the complaint is ultimately sustained;

22     (B) Assisting or advising any person in seeking the
23    advice of the Department or Commission, whether or not a
24    complaint is filed, and if a complaint is filed, whether or not the
25    complaint is ultimately sustained;

26
27
28

- 7 -

1           (C) Opposing employment practices which an individual

2         reasonably believes to exist and believes to be a **violation of**

3         **the Act**;

4           (D) Participating in an activity which is perceived by the

5         employer or other covered entity as **opposition to**

6         **discrimination**, whether or not so intended by the individual

7         expressing the opposition; or

8           (E) Contacting, communicating with or participating in

9         the proceeding of a local human rights or civil rights agency

10        regarding **employment discrimination on a basis enumerated**

11        **in the Act**."

12 CAL. CODE REGS., tit. 2, § 7287.8(a) (emphasis added).

13      Because union activity and advocacy are not encompassed by the FEHA,

14 this conduct cannot serve as the basis for the plaintiff's claim for retaliation,

15 harassment, discrimination or any other FEHA violation.

16      Moreover, with regard to the elements of retaliatory animus and adverse

17 employment action, "a mere offensive utterance or even a pattern of social slights

18 by either the employer or coemployees cannot properly be viewed as materially

19 affecting the terms, conditions, or privileges of employment for purposes of

20 section 12940(a) (or give rise to a claim under section 12940(h))." Yanowitz, 36

21 Cal.4th at 1053. This is the case here. Plaintiff's allegations concerning 4-5

22 comments listed in Paragraph 29 appear from the face of the complaint to be

23 nothing more than social slights and a few offensive utterances. They do not

24 show that the comments made by two secretaries and a dispatcher so adversely

25 affected the plaintiff's employment as a police officer so as to be labeled an

26 "adverse employment action" under the FEHA. In fact, this is perhaps why

27 plaintiff's complaint is entirely conclusory as to the adverse action suffered to

28

1    support this cause of action, noting only that, "Plaintiff's working conditions

2    became intolerable." [Complaint, ¶ 51.] Just as with the discrimination cause of

3    action, this fails to meet the first prong of <u>Iqbal</u> and the Court need not even

4    consider whether this claim is plausible.

5    **D.    Plaintiff's Third Claim For Harassment In Violation Of**

6    **California's FEHA Fails To State Facts Sufficient To Support A**

7    **Claim For Relief.**

8         In his third cause of action, the plaintiff alleges that he was subjected to

9    "unwelcome coduct based on race, including verbal conduct (i.e. derogatory

10   comments or slurs) as well as insults towards plaintiff by the conduct noted herein

11   . . ." [Compl. ¶ 59.] There are minimal factual allegations supporting this claim

12   for what appears to be hostile work environment harassment.

13        Under California's FEHA, a hostile work environment is created when an

14   employee is subjected to harassment (based on a protected classification) that is

15   "sufficiently pervasive so as to alter the conditions of employment and create an

16   abusive working environment." <u>Fisher v. San Pedro Peninsula Hosp.</u>, 214

17   Cal.App.3d 590, 608 (1989). To establish a prima facie claim for hostile work

18   environment harassment, the plaintiff must establish that: (1) he belongs to a

19   protected group; (2) he was subject to unwelcome harassment because of his

20   membership in that group; (3) the harassment complained of was based upon his

21   membership in that group; (4) the harassment complained of was sufficiently

22   pervasive that it altered the conditions of employment and created an abusive

23   working environment. <u>Fisher</u>, 214 Cal.App.3d at 608. "Whether the [harassing]

24   conduct complained of is sufficiently pervasive to create a hostile or offensive

25   work environment must be determined from the totality of the circumstances.

26   [Citation.] The plaintiff must prove that the defendant's conduct would have

27   interfered with a reasonable employee's work performance and would have

28

- 9 -

1  seriously affected the psychological well-being of a reasonable employee and that

2  she was actually offended." Id. at 609-610.

3      The United States Supreme Court has stated that allegedly harassing

4  conduct "must be extreme" and that laws governing harassment in the workplace

5  are not intended to become a "general civility code" that protects employees from

6  "the ordinary tribulations of the workplace, such as the sporadic use of abusive

7  language, gender-related jokes, and occasional teasing." Faragher v. City of Boca

8  Raton, 524 U.S. 775 (1998). Indeed, in the context of employer liability for

9  creating a hostile work environment, the Seventh Circuit noted that, "[a]n

10  employer 'is not charged by law with discharging all Archie Bunkers in its

11  employ.'" Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1421 (7th Cir. 1986).

12      When an employee brings a claim for hostile work environment harassment

13  under the FEHA, such a claim must be pled with specificity. See Fisher, supra,

14  214 Cal.App.3d 590. In Fisher, a nurse brought a lawsuit against a physician and

15  hospital claiming various violations of the FEHA. In her Complaint, the nurse

16  alleged that the physician had engaged in improper conduct including, "pulling

17  nurses onto his lap, hugging and kissing them while wiggling, making offensive

18  statements of a sexual nature, moving his hands in the direction of [a] woman's

19  vaginal area, grabbing women from the back with his hands on their breasts or in

20  the area of their breasts, picking up women and swinging them around, throwing a

21  woman on a gurney, walking up closely behind a woman with movements of his

22  pelvic area . . . The acts were committed in hallways, the operating room, and the

23  lunch room . . . from 1982 to 1986." Fisher, 214 Cal.App.3d at 612-613.

24      Notwithstanding these detailed factual allegations, the Court sustained a

25  demurrer brought by the hospital and the physician, holding that the allegations

26  were insufficient to establish a cause of action for hostile work environment

27  because they were "most conclusionary." Id. at 613. The Court stated, "[g]iven

28

- 10 -

1   the ease with which these claims can be made despite their serious nature, as a

2   matter of fairness, a plaintiff should be required to plead sufficient facts to

3   establish a nexus between the alleged sexual harassment of others, her observation

4   of that conduct and the work context in which it occurred." Id. The Court

5   explained that the Complaint was deficient because it gave no indication of the

6   frequency, intensity, or timeliness with which the alleged acts occurred (e.g., "Did

7   each alleged act occur once in four years" or "on a daily or weekly basis?"; What

8   alleged incidents occurred "within the FEHA's one-year statute of limitations (§

9   12960)?"). Id.

10        The allegations in the plaintiff's Complaint are far paltrier than those

11   alleged in the Fisher action. For example, the fact that Defendant Jennifer Jones,

12   a secretary, allegedly said that Reutz was a "quintessential white boy and I hate

13   him" does not plausibly show an alternation of the conditions of plaintiff's

14   employment as a police officer. Reutz does not allege that he worked with Jones,

15   or any other individual defendant for that matter on a daily basis or even when or

16   where the comment occurred. The same can be said of jokes supposedly made

17   about the plaintiff by Defendant Sheryl Agard. Similarly, with respect to the

18   allegations against Chief Vasquez, the plaintiff only alleges that after reporting the

19   comments, Chief Vasquez said, "You may be knocking on a door that you may not

20   want to be knocking on, and that could be bad for your career." [Complaint, ¶

21   30.] This bald assertion does not satisfy the heightened pleading requirement in

22   claims for harassment under the FEHA and certainly does not meet the plausibility

23   standard articulated by the Supreme Court in Iqbal.

24   ///

25   ///

26   ///

27   ///

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

**E.     Plaintiff's Fourth Claim For Failure To Take Corrective Action In Violation Of California's FEHA Fails To State Facts Sufficient To Support A Claim For Relief.**

Government Code § 12940(k) provides that it is unlawful, "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." CAL. GOVT. CODE § 12940(k). The plaintiff has not pled facts to support this claim.

First and foremost, as has been demonstrated above, the plaintiff has not pled facts to establish that he was subjected to harassment, discrimination or retaliation in violation of the FEHA. It, therefore, follows that there can be no cause of action under Government Code § 12940(k), where a finding of discrimination and/or retaliation is a predicate to a claim brought pursuant to Section 12940(k). See Trujillo v. North County Transit Dist., 63 Cal.App.4th 280 (1998) ["There's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred . . ."]; see also Northrop Grumman Corp. v. Workers' Comp. Appeals Bd. 103 Cal.App.4th 1021, 1035 (2002); CACI 2527. Hence, if the plaintiff cannot establish that he was discriminated, harassed, or retaliated against, he cannot maintain a claim under this section.

**F.     Plaintiff's Fifth Claim For Violation Of His First Amendment Rights Under 42 U.S.C. §1983 Fails To State Facts Sufficient To Support A Claim For Relief.**

Plaintiff's 42 U.S.C. 1983 cause of action appears to largely be based on an alleged "gag order" that was put in place after the plaintiff was placed on administrative leave and ordered not to talk to any employee at SMCCD. [Complaint, ¶ 25.] The plaintiff alleges that this gag order led to the incidental

- 12 -

1  effect of adversely impacting plaintiff in his role as union parliamentarian.  [Id. at

2  ¶ 26.]  Notably, plaintiff *never* identifies what the basis for his administrative leave

3  was.  This claim is asserted against Defendants SMCCD (also erroneously sued as

4  the Santa Monica Police Department), Kurt Tump and Chief Albert Vasquez.  The

5  plaintiff has not pled sufficient facts to support this claim against either the public

6  entity defendant or the individual defendants.

7       First, to establish his claim for First Amendment retaliation against the

8  individual defendants, the plaintiff must plead facts to establish that (1) plaintiff

9  engaged in constitutionally protected speech; (2) adverse action was taken against

10  plaintiff that would likely chill an ordinary citizen from speaking; and (3) the

11  adverse action was motivated, in whole or in part, by the plaintiff's protected

12  speech.  A public employee's speech is constitutionally protected by the First

13  Amendment only when the speech involves a "matter of public concern."  Connick

14  v. Myers, 461 U.S. 138, 146 (1983).

15       Plaintiff cannot meet the matter of public concern element here, as "an

16  employee's speech, activity, or association, merely because it is union-related,

17  does not touch on a matter of public concern as a matter of law.  Thus, consistent

18  with the principle that an incidental reference to a public issue does not elevate a

19  statement to a matter of public concern . . . [plaintiff] must go beyond the fact that

20  his statements and activities on behalf of other officers occurred in a union context

21  and demonstrate that the focus of his speech and activities was fairly related to any

22  matter of political, social, or other concern to the community."  Van Compernolle

23  v. City of Zeeland, 241 Fed. Appx. 244, 250 (6th Cir. 2007) (internal citations

24  removed); Turner v. Reno, 976 F.2d 738 (9th Cir. 1992) (no First Amendment

25  violation where former fire chief was advised by City Manager not to discuss pre-

26  termination proceedings publically).

27       A public entity, as an employer, retains unique interests in regulating the

28

- 13 -

1   activities of its own employees that are simply not evident with the regulation of

2   the general populace.  See Kelley v. Johnson, 425 U.S. 238, 244-45 (1976).  As a

3   result the compelling-state-interest test, which would be properly employed in the

4   context of a civilian complaint, should play no part where the challenge is by a city

5   employee and is directed at an agency's internal policies. Rather, the proper

6   standard of evaluation, in keeping with the caveat that warns against judicial

7   intervention into administrative policy making, is whether the promulgation

8   enacted "is so irrational that it may be branded 'arbitrary'".  Id. at 248.

9        Here, an internal policy that a police officer who is placed on administrative

10  leave should not contact a SMCCD employee cannot be considered so irrational

11  that it is arbitrary.  Instead, the policy demonstrates prudence.  It allows an

12  investigation to be carried out in a diligent and fair manner and helps to expunge

13  the public concern over corruption within public entities.  Beyond that, plaintiff is

14  still afforded the protection of the California Peace Officers Bill of Rights, which

15  includes being "informed of the nature of the investigation prior to any

16  interrogation." CAL. GOVT. CODE § 3303(c).  These protections and legitimate

17  concerns more than meet the deferential standard applied when a court is asked to

18  rule upon a public entity's personnel policies and orders.  Therefore, Chief

19  Vasquez did not violate the plaintiff's constitutional rights when advising him not

20  to talk to other SMCCD employees during his administrative leave.

21       Moreover, plaintiff cannot claim that the impact on his role as union

22  parliamentarian forms the basis of his First Amendment injury, as it does not

23  constitute a matter of public concern and is therefore outside of the First

24  Amendment's protections.

25       With regard to his claim against the SMCCD, because the plaintiff has not

26  pled facts sufficient to impose liability against the individual defendants, SMCCD

27  as an entity cannot be held liable either, where a prerequisite for Monell liability is

28

- 14 -

1  the finding of an underlying constitutional violation. <u>Monell v. Department of</u>
2  <u>Social Services of City of New York</u>, 436 U.S. 658 (1978).

3      Furthermore, even if a plausible constitutional claim could be found relative
4  to the individual defendants, the claim against SMCCD would still fail. In <u>Monell</u>,
5  *supra*, the Supreme Court rejected the proposition that a governmental entity may
6  be held liable under a respondeat superior theory for an injury caused solely by its
7  employees or agents. Instead, the Court held that to maintain a cause of action
8  against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a
9  plaintiff must establish that the governmental entity had a "custom, practice, and
10 policy" that led to a violation of the plaintiff's civil rights. <u>Id.</u> at 694.

11     Therefore, to succeed on a 42 U.S.C. § 1983 claim, the plaintiff must
12 produce facts to establish four elements: (1) he possessed a constitutional right of
13 which he was deprived; (2) the City had a custom, practice or policy; (3) the
14 custom, practice or policy of the City "amounts to deliberate indifference" to his
15 constitutional right; and (4) that the custom, practice or policy is the "moving force
16 behind the constitutional violation." <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th
17 Cir. 1992). In other words, the plaintiff must produce facts to show that SMCCD
18 instituted and maintains a custom, practice or policy that caused them to suffer a
19 constitutional violation. <u>Berry v. Baca</u>, 379 F.3d 764, 767 (9th Cir. 2004). The
20 plaintiffs cannot meet this burden unless they present evidence that would establish
21 "the existence of a widespread practice that . . . is so permanent and well-settled as
22 to constitute a 'custom or usage' with the force of law." <u>Gillette v. Delmore</u>, 979
23 F.2d 1342, 1349 (9th Cir. 1992).

24     Plaintiff's complaint contains no allegations of such permanent and well-
25 settled policies or conduct so as to impose <u>Monell</u> liability. It is entirely silent,
26 except to state in a conclusory fashion that Chief Vasquez sets SMCCD policy.
27 [Complaint, ¶ 79.] Again, under <u>Iqbal</u>, such a conclusory statement is not entitled
28

- 15 -

1 | to any weight and the Court need not even decide if it is plausible before granting
2 | the motion.

3 | **G.**   **Alternatively, The Court Should Order That Plaintiff Provide A**
4 | **More Definite Statement With Respect To The 1983 Cause Of**
5 | **Action Where It Seeks.**

6 | Plaintiff's fifth cause of action under 42 U.S.C. §1983 is pled against both
7 | individual and SMCCD as an entity. However, the basis for holding each
8 | defendant liable is different, as SMCCD can only be liable under § 1983 if a
9 | Monell violation is found.

10 | To address this, under Federal Rule of Civil Procedure 12(e) the plaintiff
11 | should be required to provide a more definite statement separating out the
12 | defendants into distinct causes of action, as they have different elements that must
13 | be met before liability is imposed. See FED. R. CIV. PROC. 12(e) ("A party may
14 | move for a more definite statement of a pleading to which a responsive pleading is
15 | allowed but which is so vague or ambiguous that the party cannot reasonably
16 | prepare a response. The motion must . . . point out the defects complained of and
17 | the details desired.") If the Court is not inclined to dismiss the plaintiff's
18 | Complaint for failure to facts sufficient to support a claim for relief, it is
19 | respectfully requested that the plaintiff be ordered to provide a more definite
20 | statement.

21 | **III.**   **CONCLUSION**

22 | Based upon the foregoing, the defendants respectfully request that this Court
23 | grant the instant Motion to Dismiss with prejudice without affording the plaintiff
24 | the opportunity to amend.

25 | ///
26 | ///
27 | ///
28 |

- 16 -

1    DATED:  May 12, 2011            CARPENTER, ROTHANS & DUMONT

2

3

4                                    By: _____

5                                        LOUIS R. DUMONT
                                         JILL W. BABINGTON
6                                        Attorneys for Defendants,
                                         SANTA MONICA COMMUNITY
7                                        COLLEGE DISTRICT, a public entity,
                                         ALBERT VASQUEZ, SHERYL AGARD,
8                                        JENNIFER JONES, and TARA
                                         CRITTENDEN, public employees
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 17 -