1  **LOUIS R. DUMONT – State Bar No. 130198**
   **JILL W. BABINGTON – State Bar No. 221793**
2  **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA  90017**
   **(213) 228-0400 / (213) 228-0401 [Fax]**
4  **ldumont@crdlaw.com / jbabington@crdlaw.com**

5  Attorneys for Defendants, SANTA MONICA COMMUNITY COLLEGE
       DISTRICT, a public entity, [*also erroneously sued herein as "Santa Monica*
6      *College Police Department"*], CHIEF ALBERT VASQUEZ, SHERYL
       AGARD, JENNIFER JONES, and TARA CRITTENDEN, public
7  employees

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 Claim of RUSSEL RUETZ,                    )  Case No.: CV11-03921 JAK (Ex)
                                             )
12            Plaintiff,                      )  **NOTICE OF MOTION AND**
                                             )  **MOTION TO DISMISS FIRST**
13 vs.                                        )  **AMENDED COMPLAINT, OR,**
                                             )  **ALTERNATIVELY, MOTION FOR**
14 SANTA MONICA COMMUNITY                     )  **MORE DEFINITE STATEMENT;**
   COLLEGE DISTRICT, a municipal             )  **MEMORANDUM OF POINTS AND**
15 corporation; SANTA MONICA                  )  **AUTHORITIES IN SUPPORT**
   COLLEGE POLICE DEPARTMENT,                )  **THEREOF**
16 an operating department thereof;          )
   ALBERT VASQUEZ, individually and          )  **[Fed. R. Civ. P., 12(b)(6); 12(e)]**
17 as Police Chief; KURT TRUMP,               )
   individually and as Acting                )  Date:  August 1, 2011
18 Chief/Sergeant; SHERYL AGARD,              )  Time:  1:30 p.m.
   individually and as Secretary to the      )  Courtroom:  750
19 Chief of Police; JENNIFER JONES,           )
   individually and as Secretary; TARA       )  Discovery Cut-Off:  Not set
20 CRITTENDEN, individually and as            )  Final Pre-Trial Conf.:  Not set
   Dispatcher,                               )  Trial:  Not set
21                                            )
              Defendants.                     )
22                                            )
                                             )
23                                            )
                                             )
24

25         PLEASE TAKE NOTICE that on August 1, 2011 at 1:30 p.m., or as soon

26 thereafter as counsel may be heard in Courtroom 750 of the U.S. District Court,

27 Central District, Roybal Building, located at 255 E. Temple St., Los Angeles,

28 California, Defendant SANTA MONICA COMMUNITY COLLEGE DISTRICT

                                      - 1 -

("SMCCD"), a public entity, CHIEF ALBERT VASQUEZ, SHERYL AGARD, JENNIFER JONES, and TARA CRITTENDEN, public employees, hereby move the Court to dismiss plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 8(a).  This motion is made and based on the following grounds:

1.    Plaintiff's first claim for "FEHA discrimination" fails to state facts sufficient to support a claim for relief;

2.    Plaintiff's second claim for "FEHA retaliation" fails to state facts sufficient to support a claim for relief;

3.    Plaintiff's third claim for "FEHA Harassment" fails to state facts sufficient to support a claim for relief;

4.    Plaintiff's fourth claim for "FEHA failure to take corrective action" fails to state facts sufficient to support a claim for relief; and,

5.    Plaintiff's fifth claim for retaliation in violation of his First Amendment rights under 42 U.S.C. § 1983 fails to state facts sufficient to support a claim for relief,

This motion is made following meet and confer correspondence sent by the moving party by both U.S. Mail and facsimile, pursuant to Local Rule 7-3, on June 8, 2011.

This motion is made and based on this notice of motion, the memorandum of points and authorities attached hereto, the pleadings and records on file with this Court, and on such oral and documentary evidence as may be presented at the hearing of this Motion.

///

///

///

1    DATED:  June 15, 2011                    CARPENTER, ROTHANS & DUMONT

2

3                                            By: _____

4                                                LOUIS R. DUMONT
                                                 JILL W. BABINGTON
5                                                Attorneys for Defendants,
                                                 SANTA MONICA COMMUNITY
6                                                COLLEGE DISTRICT, a public entity,
                                                 ALBERT VASQUEZ, SHERYL AGARD,
7                                                JENNIFER JONES, and TARA
                                                 CRITTENDEN, public employees
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 3 -
─────────────────────────────────────────────────────────────
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................ 1

II. STATEMENT OF LAW ............................................................................ 2

    A.  This Motion To Dismiss Is Proper, Where The Plaintiff Has Failed To State Facts Sufficient To Constitute Any Claim For Relief Against The Defendants ....................................... 2

    B.  Plaintiff's First Claim For Discrimination In Violation Of California's FEHA Fails To State Facts Sufficient To Support A Claim For Relief ............................................................ 4

    C.  Plaintiff's Second Claim For Retaliation In Violation Of California's FEHA Fails To State Facts Sufficient To Support A Claim For Relief ............................................................ 6

    D.  Plaintiff's Third Claim For Harassment In Violation Of California's FEHA Fails To State Facts Sufficient To Support A Claim For Relief ............................................................ 9

    E.  Plaintiff's Fourth Claim For Failure To Take Corrective Action In Violation Of California's FEHA Fails To State Facts Sufficient To Support A Claim For Relief .......................... 12

    F.  Plaintiff's Fifth Claim For Violation Of His First Amendment Rights Under 42 U.S.C. §1983 Fails To State Facts Sufficient To Support A Claim For Relief ................. 12

    G.  Alternatively, The Court Should Order That Plaintiff Provide A More Definite Statement With Respect To The 1983 Cause Of Action Where It Seeks .................................. 16

III. CONCLUSION .......................................................................................... 16

TABLES OF CONTENTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

Akers v. County of San Diego, 95 Cal.App.4th 1441 (2002)................................ 5

Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937 (2009) .................................... passim

Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1988)........................ 2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)........................................ 3

Berry v. Baca, 379 F.3d 764 (9th Cir. 2004) ...................................................... 15

Connick v. Myers, 461 U.S. 138, 146 (1983)..................................................... 13

Faragher v. City of Boca Raton, 524 U.S. 775 (1998)....................................... 10

Fisher v. San Pedro Peninsula Hosp., 214 Cal.App.3d 590 (1989) ......... 9, 10, 11

George v. California Unemployment Ins. Appeals Bd.,
   179 Cal.App.4th 1475 (2009).......................................................................... 6

Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992) ........................................... 15

Hunter v. Allis-Chalmers Corp., 797 F.2d 1417 (7th Cir. 1986)....................... 10

Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1156 (2008)................. 5

Kelley v. Johnson, 425 U.S. 238 (1976) ............................................................. 14

Lucas v. Dept. of Corrections, 66 F.3d 245 (9th Cir. 1995)................................ 3

Miller v. Department of Corr., 36 Cal.4th 446 (2005) ......................................... 6

Monell v. Department of Social Services of City of New York,
   436 U.S. 658 (1978) ....................................................................................... 15

Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.
   103 Cal.App.4th 1021 (2002)......................................................................... 12

Oviatt v. Pearce, 954 F.2d 1470 (9th Cir. 1992)................................................ 15

- ii -

<u>Taylor v. City of Los Angeles Dept. of Water and Power,</u>
  144 Cal.App.4th 1216 (2006) ............................................................ 7

<u>Trujillo v. North County Transit Dist.,</u> 63 Cal.App.4th 280 (1998) .................. 12

<u>Turner v. Reno,</u> 976 F.2d 738 (9th Cir. 1992) ....................................... 13

<u>Van Compernolle v. City of Zeeland,</u> 241 Fed. Appx. 244 (6th Cir. 2007) ...... 13

<u>Yanowitz v. L'Oreal USA, Inc.,</u> 36 Cal. 4th 1028 (2005) ........................... 5, 6, 8

**Statutes**
42 U.S.C. 1983 .............................................................. 12, 15, 16

CAL. GOVT. CODE § 12940 .................................................. 4, 6, 7, 12

CAL. GOVT. CODE § 3303 .......................................................... 14

FED. R. CIV. P. 12 ............................................................ 2, 3, 16

**Other Authorities**
CAL. CIV. JURY INSTR. 2500 ......................................................... 4

CAL. CIV. JURY INSTR. 2527 ........................................................ 12

CAL. CODE REGS., tit. 2, § 7287.8 .................................................. 8

TABLES OF CONTENTS AND AUTHORITIES

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3          While Plaintiff Russell Ruetz purports to have addressed the deficiencies in

4    the original complaint through the filing of the First Amended Complaint, the two

5    pleadings are nearly identical in form and the defects that existed in the original

6    Complaint persist in the First Amended Complaint.

7          By way of factual background, plaintiff, a Santa Monica Community

8    College District ("SMCCD") police officer, filed a civil action against SMCCD,

9    its Chief of Police Albert Vasquez, former Sergeant Kurt Trump, Secretary to the

10   Chief of Police Sheryl Agard, Secretary Jennifer Jones, and Dispatcher Tara

11   Crittenden, alleging that he was subject to reverse discrimination on the basis of

12   ethnicity (Caucasian), retaliation, harassment, that SMCCD failed to take

13   corrective action, and that his First Amendment Rights abridged when he was put

14   on administrative leave and told not to contact any college employee.

15         The plaintiff alleges that this conduct began in *March 2008*, yet complaints

16   with the California Department of Fair Employment and Housing ("DFEH") were

17   not filed until around *May 2010*. [Pl's Compl. Ex. "A".]  A large part of the

18   conduct the plaintiff complains of relates to union organizing and his status as the

19   parliamentarian of his peace officers association. [FAC, ¶¶ 17-24.]  However,

20   these union activities are not protected activities for purposes of the California

21   Fair Employment and Housing Act ("FEHA").

22         Beyond these allegations, plaintiff lists five comments purportedly relating

23   to his race that likewise occurred over a period of three years (2008-2010). [FAC,

24   ¶¶ 28-32.]  In light of the one-year statute of limitations on FEHA claims, it

25   should be noted that plaintiff never specifies during which part of that three-year

26   period these comments were made in.

27

28
                                         - 1 -

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1    The plaintiff then alleges that, at some point after these comments were
2    made over the three years, in February or March of 2010, he complained to
3    SMCCD Chief of Police Al Vasquez about them.  [FAC, ¶ 30.]  On March 30,
4    2010, Ruetz was placed on administrative duty.  [FAC, ¶ 31.]  Importantly,
5    plaintiff never states why he was placed on administrative duty.  Following this,
6    on May 3, 2010, the plaintiff was placed on administrative leave.  [FAC, ¶ 25.]
7    The plaintiff alleges that when he was placed on administrative leave, Chief
8    Vasquez directed him not to communicate with any employee of the college.  [Id.]
9    Just as with the assignment to administrative duty, the plaintiff never states why
10   he was placed on leave.  (Ruetz does provide some insight when he states that in
11   "June 2010, the Department/District went to the Santa Monica Police Department
12   to institute a complaint against Plaintiff so that SMPD would issue a search
13   warrant for Plaintiff's home.  The search warrant was signed by a magistrate."
14   [FAC, ¶ 27.])

15        As will be shown below, each of the plaintiff's claims is subject to
16   dismissal for failure to state a claim upon which relief can be granted.

17   **II.    STATEMENT OF LAW**

18        **A.    This Motion To Dismiss Is Proper, Where The Plaintiff Has**
19                **Failed To State Facts Sufficient To Constitute Any Claim For**
20                **Relief Against The Defendants.**

21        Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss a
22   claim, or claims, where a complaint fails to state facts sufficient to support a claim
23   upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Further, a motion to
24   dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable
25   legal theory," or "the absence of sufficient facts alleged under a cognizable legal
26   theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988);
27   Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997).  If a

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1   claim for relief cannot be cured by amendment, it should be dismissed without

2   affording the plaintiffs leave to amend.   Lucas v. Dept. of Corrections, 66 F.3d

3   245, 248 (9th Cir. 1995).

4       The present Rule 12(b)(6) standard is a two-pronged approach that was

5   announced in Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937 (2009).  There, the U.S.

6   Supreme Court held that to overcome a motion to dismiss, a claim must allege

7   "sufficient factual matter, accepted as true, to 'state a claim plausible on its face.'"

8   Id. at 1949.  "A claim has facial plausibility when the pleaded factual content

9   allows the court to draw the reasonable inference that the defendant is liable for

10   the misconduct alleged."  Id.  "The plausibility standard is not akin to a

11   'probability requirement,' but it asks for more than a sheer possibility that a

12   defendant has acted unlawfully.  Where a complaint pleads facts that are "merely

13   consistent with" a defendant's liability, it "stops short of the line between

14   possibility and plausibility of 'entitlement to relief."  Id. (internal citations

15   removed).

16       A pleading that offers "labels and conclusions" or "a formulaic recitation of

17   the elements of a cause of action will not do."  Id. at 1949 (citing Bell Atlantic

18   Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Similarly, "[t]hreadbare recitals of

19   the elements of a cause of action, supported by mere conclusory statements, do

20   not suffice."  Bell Atlantic Corp. at 550 U.S. at 555 ("Although for the purposes

21   of a motion to dismiss we must take all of the factual allegations in the complaint

22   as true, we 'are not bound to accept as true a legal conclusion couched as a factual

23   allegation' (internal quotation marks omitted.").

24       "In keeping with these principles a court considering a motion to dismiss

25   can choose to begin by identifying pleadings that, because they are no more than

26   conclusions, are not entitled to the assumption of truth. While legal conclusions

27   can provide the framework of a complaint, they must be supported by factual

28

- 3 -

1  allegations. When there are well-pleaded factual allegations, a court should

2  assume their veracity and then determine whether they plausibly give rise to an

3  entitlement to relief." Iqbal, 129 S.Ct. at 1950.

4     Using these standards, plaintiff's First Amended Complaint does not plead

5  sufficient facts to constitute a claim for relief against the defendants.

6  **B.**   **Plaintiff's First Claim For Discrimination In Violation Of**

7        **California's FEHA Fails To State Facts Sufficient To Support A**

8        **Claim For Relief.**

9     In his first cause of action, the plaintiff alleges that he was discriminated

10 against "based on race [Caucasian] and opposition to racial discrimination." [FAC

11 ¶ 39.] It is respectfully submitted that this cause of action should be dismissed,

12 where the plaintiff has failed to plead facts to support the essential elements of this

13 cause of action.

14    California's Fair Employment and Housing Act ("FEHA"), which is

15 embodied in California Government Code[1] § 12940(a) provides that it is an

16 unlawful employment practice "[f]or an employer, because of the race . . . of any

17 person . . . to discriminate against the person in compensation or in terms,

18 conditions, or privileges of employment." To establish a cause of action for

19 discrimination in violation of the FEHA, the First Amended Complaint must plead

20 facts to establish: (1) that plaintiff suffered an adverse employment action, (2) that

21 plaintiff's membership in a protected category was a motivating factor in that

22 adverse employment action, (3) that plaintiff was harmed, and (4) that the adverse

23 employment action was a substantial factor in causing plaintiff's harm. See CAL.

24 CIVIL JURY INSTR. 2500.

25    The defendants submit that this cause of action is subject to dismissal, where

26

27 _____

[1] All references herein to code provisions shall refer to California Codes unless
28 otherwise stated.

- 4 -

1   the plaintiff has not pled facts (as opposed to legal conclusions) establishing that

2   he suffered an adverse employment action. In this regard, in <u>Jones v. Lodge at</u>

3   <u>Torrey Pines Partnership</u>, 42 Cal.4th 1156 (2008), the California Supreme Court

4   held that, in order to establish either a discrimination or a retaliation claim, "an

5   employee must demonstrate that he or she has been subjected to an adverse

6   employment action that materially affects the terms, conditions, or privileges of

7   employment." <u>Id.</u> at 1169. Here, when describing this adverse employment

8   action, the plaintiff merely states that he "was subjected to this adverse treatment

9   in the form of lack of promotion, counseling, involuntary administrative penalty,

10  denial of benefits, ostracism, negative evaluations, negative comment sheets,

11  reassignments, retaliation, and other acts and conduct by Defendants as further

12  described herein." [FAC, ¶ 36.] This conclusory statement does not even pass the

13  first prong of the <u>Iqbal</u> standard. <u>Iqbal</u>, 129 S.Ct. at 1950 ("[A] court considering a

14  motion to dismiss can choose to begin by identifying pleadings that, because they

15  are no more than conclusions, are not entitled to the assumption of truth.")

16      In <u>Yanowitz v. L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028 (2005) the California

17  Supreme Court defined an adverse employment action as one that is "final, no

18  longer subject to review and reversal or modification, and either results in an

19  employee's demotion or pay reduction, the elimination of advancement

20  opportunities, a material loss of benefits, a significant reduction in material job

21  responsibilities or some other action which has a comparable effect." <u>Id.</u> at 1054.

22  An employee must plead facts to establish that the employer's action substantially

23  and materially adversely affected the terms and conditions of the plaintiff's

24  employment. <u>See Akers v. County of San Diego</u>, 95 Cal.App.4th 1441 (2002).

25  Vague and conclusory allegations of "lack of promotion, counseling, involuntary

26  administrative penalty, denial of benefits, ostracism, negative evaluations, negative

27  comment sheets, reassignments, retaliation, and other acts and conduct" are

28

- 5 -

1    insufficient to satisfy the plaintiff's pleading requirement under Iqbal.

2    **C.    Plaintiff's Second Claim For Retaliation In Violation Of**

3    **California's FEHA Fails To State Facts Sufficient To Support A**

4    **Claim For Relief.**

5    In his second cause of action, the plaintiff alleges that after he "reported and

6    opposed discrimination, harassment, and retaliation in the workplace by his

7    employer," he was subjected to retaliation. [Compl. ¶ 49.] The crux of this cause

8    of action is the plaintiff's advocacy of and participation in union activities. It is

9    respectfully submitted that this cause of action is subject to dismissal, where the

10   plaintiff has not pled facts to establish that he engaged in "protected activity" as

11   defined by the FEHA and, as discussed above, has not pled facts to establish that

12   he was subjected to an adverse employment action.

13   "Employees may establish a prima facie case of unlawful retaliation by

14   showing that (1) they engaged in activities protected by the FEHA, (2) their

15   employers subsequently took adverse employment action against them, and (3)

16   there was a causal connection between the protected activity and the adverse

17   employment action." Miller v. Department of Corr., 36 Cal.4th 446, 472 (2005);

18   CAL. GOVT. CODE § 12940(h). The retaliatory animus must be a substantial factor

19   in the adverse employment action. George v. California Unemployment Ins.

20   Appeals Bd., 179 Cal.App.4th 1475, 1492 (2009). Moreover, as noted above, the

21   adverse employment action must be one that "materially affects the terms,

22   conditions, or privileges of employment." Yanowitz, 36 Cal.4th at 1054.

23   First, the plaintiff has not pled facts to establish that he engaged in a

24   protected activity as defined by the FEHA. In this regard, Plaintiff's allegations

25   contained in Paragraphs 17-24 relate to activities and alleged harassment that

26   occurred as a result of Reutz starting a peace officers association for the SMCCD

27   police officers. He alleges that another SMCCD officer made comments such as

28

- 6 -

the "Peace Officers Bill of Rights is a joke." [FAC, ¶ 19.]  These comments cannot serve as the basis for a FEHA cause of action because engaging in POA activity is not protected by the FEHA.

California Government Code § 12940 *et seq.* only protects discrimination, harassment, or retaliation on the basis of "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."  CAL. GOVT. CODE § 12940(a). Furthermore, "[u]nder the FEHA, protected activity includes opposition to 'any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part,' or 'participated in any manner in an investigation, proceeding, or hearing' in an administrative proceeding."  Taylor v. City of Los Angeles Dept. of Water and Power, 144 Cal.App.4th 1216 (2006), *citing* CAL. GOVT. CODE § 12940(h).  The California Code of Regulations clarifies what conduct constitutes a "protected activity" under the FEHA and provides:

> "(1) Opposition to practices prohibited by the Act includes, but is not limited to:
>
> (A) Seeking the advice of the Department or Commission [of Fair Employment and Housing], whether or not a complaint is filed, and if a complaint is filed, whether or not the complaint is ultimately sustained;
>
> (B) Assisting or advising any person in seeking the advice of the Department or Commission, whether or not a complaint is filed, and if a complaint is filed, whether or not the complaint is ultimately sustained;

- 7 -

1                (C) Opposing employment practices which an individual

2        reasonably believes to exist and believes to be a **violation of**

3        **the Act**;

4                (D) Participating in an activity which is perceived by the

5        employer or other covered entity as **opposition to**

6        **discrimination**, whether or not so intended by the individual

7        expressing the opposition; or

8                (E) Contacting, communicating with or participating in

9        the proceeding of a local human rights or civil rights agency

10       regarding **employment discrimination on a basis enumerated**

11       **in the Act**."

12 CAL. CODE REGS., tit. 2, § 7287.8(a) (emphasis added).

13      Because union activity and advocacy are not encompassed by the FEHA,

14 this conduct cannot serve as the basis for the plaintiff's claim for retaliation,

15 harassment, discrimination or any other FEHA violation.

16      Moreover, with regard to the elements of retaliatory animus and adverse

17 employment action, "a mere offensive utterance or even a pattern of social slights

18 by either the employer or coemployees cannot properly be viewed as materially

19 affecting the terms, conditions, or privileges of employment for purposes of

20 section 12940(a) (or give rise to a claim under section 12940(h))." Yanowitz, 36

21 Cal.4th at 1053. This is the case here. Plaintiff's allegations concerning 4-5

22 comments listed in Paragraph 29 appear from the face of the complaint to be

23 nothing more than social slights and a few offensive utterances. They do not

24 show that the comments made by two secretaries and a dispatcher so adversely

25 affected the plaintiff's employment as a police officer so as to be labeled an

26 "adverse employment action" under the FEHA. In fact, this is perhaps why

27 plaintiff's First Amended Complaint is entirely conclusory as to the adverse action

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1  suffered to support this cause of action, noting only that, "Plaintiff's working

2  conditions became intolerable." [FAC, ¶ 50.] Just as with the discrimination

3  cause of action, this fails to meet the first prong of Iqbal and the Court need not

4  even consider whether this claim is plausible.

5  **D.  Plaintiff's Third Claim For Harassment In Violation Of**

6  **California's FEHA Fails To State Facts Sufficient To Support A**

7  **Claim For Relief.**

8  In his third cause of action, the plaintiff alleges that he was subjected to

9  "unwelcome coduct based on race, including verbal conduct (i.e. derogatory

10  comments or slurs) as well as insults towards plaintiff by the conduct noted herein

11  . . ." [FAC ¶ 59.] There are minimal factual allegations supporting this claim for

12  what appears to be hostile work environment harassment.

13  Under California's FEHA, a hostile work environment is created when an

14  employee is subjected to harassment (based on a protected classification) that is

15  "sufficiently pervasive so as to alter the conditions of employment and create an

16  abusive working environment." Fisher v. San Pedro Peninsula Hosp., 214

17  Cal.App.3d 590, 608 (1989). To establish a prima facie claim for hostile work

18  environment harassment, the plaintiff must establish that:  (1) he belongs to a

19  protected group; (2) he was subject to unwelcome harassment because of his

20  membership in that group; (3) the harassment complained of was based upon his

21  membership in that group; (4) the harassment complained of was sufficiently

22  pervasive that it altered the conditions of employment and created an abusive

23  working environment. Fisher, 214 Cal.App.3d at 608. "Whether the [harassing]

24  conduct complained of is sufficiently pervasive to create a hostile or offensive

25  work environment must be determined from the totality of the circumstances.

26  [Citation.] The plaintiff must prove that the defendant's conduct would have

27  interfered with a reasonable employee's work performance and would have

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1  seriously affected the psychological well-being of a reasonable employee and that

2  she was actually offended." Id. at 609-610.

3      The United States Supreme Court has stated that allegedly harassing

4  conduct "must be extreme" and that laws governing harassment in the workplace

5  are not intended to become a "general civility code" that protects employees from

6  "the ordinary tribulations of the workplace, such as the sporadic use of abusive

7  language, gender-related jokes, and occasional teasing." Faragher v. City of Boca

8  Raton, 524 U.S. 775 (1998). Indeed, in the context of employer liability for

9  creating a hostile work environment, the Seventh Circuit noted that, "[a]n

10  employer 'is not charged by law with discharging all Archie Bunkers in its

11  employ.'" Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1421 (7th Cir. 1986).

12      When an employee brings a claim for hostile work environment harassment

13  under the FEHA, such a claim must be pled with specificity. See Fisher, supra,

14  214 Cal.App.3d 590. In Fisher, a nurse brought a lawsuit against a physician and

15  hospital claiming various violations of the FEHA. In her Complaint, the nurse

16  alleged that the physician had engaged in improper conduct including, "pulling

17  nurses onto his lap, hugging and kissing them while wiggling, making offensive

18  statements of a sexual nature, moving his hands in the direction of [a] woman's

19  vaginal area, grabbing women from the back with his hands on their breasts or in

20  the area of their breasts, picking up women and swinging them around, throwing a

21  woman on a gurney, walking up closely behind a woman with movements of his

22  pelvic area . . . The acts were committed in hallways, the operating room, and the

23  lunch room . . . from 1982 to 1986." Fisher, 214 Cal.App.3d at 612-613.

24      Notwithstanding these detailed factual allegations, the Court sustained a

25  demurrer brought by the hospital and the physician, holding that the allegations

26  were insufficient to establish a cause of action for hostile work environment

27  because they were "most conclusionary." Id. at 613. The Court stated, "[g]iven

28

- 10 -

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1   the ease with which these claims can be made despite their serious nature, as a

2   matter of fairness, a plaintiff should be required to plead sufficient facts to

3   establish a nexus between the alleged sexual harassment of others, her observation

4   of that conduct and the work context in which it occurred." Id.  The Court

5   explained that the Complaint was deficient because it gave no indication of the

6   frequency, intensity, or timeliness with which the alleged acts occurred (e.g., "Did

7   each alleged act occur once in four years" or "on a daily or weekly basis?"; What

8   alleged incidents occurred "within the FEHA's one-year statute of limitations (§

9   12960)?"). Id.

10       The allegations in the plaintiff's First Amended Complaint are far paltrier

11   than those alleged in the Fisher action.  For example, the fact that Defendant

12   Jennifer Jones, a secretary, allegedly said that Reutz was a "quintessential white

13   boy and I hate him" does not plausibly show an alternation of the conditions of

14   plaintiff's employment as a police officer.  Reutz does not allege that he worked

15   with Jones, or any other individual defendant for that matter on a daily basis or

16   even when or where the comment occurred.  The same can be said of jokes

17   supposedly made about the plaintiff by Defendant Sheryl Agard.  Similarly, with

18   respect to the allegations against Chief Vasquez, the plaintiff only alleges that

19   after reporting the comments, Chief Vasquez said, "You may be knocking on a

20   door that you may not want to be knocking on, and that could be bad for your

21   career." [FAC, ¶ 30.]  This bald assertion does not satisfy the heightened pleading

22   requirement in claims for harassment under the FEHA and certainly does not meet

23   the plausibility standard articulated by the Supreme Court in Iqbal.

24   ///

25   ///

26   ///

27   ///

28

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1    **E.    Plaintiff's Fourth Claim For Failure To Take Corrective Action**
2           **In Violation Of California's FEHA Fails To State Facts Sufficient**
3           **To Support A Claim For Relief.**

4         Government Code § 12940(k) provides that it is unlawful, "for an employer
5    . . . to fail to take all reasonable steps necessary to prevent discrimination and
6    harassment from occurring." CAL. GOVT. CODE § 12940(k).  The plaintiff has not
7    pled facts to support this claim.

8         First and foremost, as has been demonstrated above, the plaintiff has not
9    pled facts to establish that he was subjected to harassment, discrimination or
10   retaliation in violation of the FEHA.  It, therefore, follows that there can be no
11   cause of action under Government Code § 12940(k), where a finding of
12   discrimination and/or retaliation is a predicate to a claim brought pursuant to
13   Section 12940(k).  See Trujillo v. North County Transit Dist., 63 Cal.App.4th 280
14   (1998) ["There's no logic that says an employee who has not been discriminated
15   against can sue an employer for not preventing discrimination that didn't happen,
16   for not having a policy to prevent discrimination when no discrimination occurred
17   . . . ."]; see also Northrop Grumman Corp. v. Workers' Comp. Appeals Bd. 103
18   Cal.App.4th 1021, 1035 (2002); CACI 2527.  Hence, if the plaintiff cannot
19   establish that he was discriminated, harassed, or retaliated against, he cannot
20   maintain a claim under this section.

21   **F.    Plaintiff's Fifth Claim For Violation Of His First Amendment**
22          **Rights Under 42 U.S.C. §1983 Fails To State Facts Sufficient To**
23          **Support A Claim For Relief.**

24        Plaintiff's 42 U.S.C. 1983 cause of action appears to largely be based on an
25   alleged "gag order" that was put in place after the plaintiff was placed on
26   administrative leave and ordered not to talk to any employee at SMCCD.  [FAC, ¶
27   25.] The plaintiff alleges that this gag order led to the incidental effect of

28
                                        - 12 -

1  adversely impacting plaintiff in his role as union parliamentarian.  [FAC, ¶ 26.]

2  Notably, plaintiff *never* identifies what the basis for his administrative leave was.

3  This claim is asserted against Defendants SMCCD (also erroneously sued as the

4  Santa Monica Police Department), Kurt Tump and Chief Albert Vasquez.  The

5  plaintiff has not pled sufficient facts to support this claim against either the public

6  entity defendant or the individual defendants.

7      First, to establish his claim for First Amendment retaliation against the

8  individual defendants, the plaintiff must plead facts to establish that (1) plaintiff

9  engaged in constitutionally protected speech; (2) adverse action was taken against

10  plaintiff that would likely chill an ordinary citizen from speaking; and (3) the

11  adverse action was motivated, in whole or in part, by the plaintiff's protected

12  speech.  A public employee's speech is constitutionally protected by the First

13  Amendment only when the speech involves a "matter of public concern."  Connick

14  v. Myers, 461 U.S. 138, 146 (1983).

15      Plaintiff cannot meet the matter of public concern element here, as "an

16  employee's speech, activity, or association, merely because it is union-related,

17  does not touch on a matter of public concern as a matter of law.  Thus, consistent

18  with the principle that an incidental reference to a public issue does not elevate a

19  statement to a matter of public concern  . . . [plaintiff] must go beyond the fact that

20  his statements and activities on behalf of other officers occurred in a union context

21  and demonstrate that the focus of his speech and activities was fairly related to any

22  matter of political, social, or other concern to the community."  Van Compernolle

23  v. City of Zeeland, 241 Fed. Appx. 244, 250 (6th Cir. 2007) (internal citations

24  removed); Turner v. Reno, 976 F.2d 738 (9th Cir. 1992) (no First Amendment

25  violation where former fire chief was advised by City Manager not to discuss pre-

26  termination proceedings publically).

27      A public entity, as an employer, retains unique interests in regulating the

28

- 13 -

1    activities of its own employees that are simply not evident with the regulation of

2    the general populace. See Kelley v. Johnson, 425 U.S. 238, 244-45 (1976). As a

3    result the compelling-state-interest test, which would be properly employed in the

4    context of a civilian complaint, should play no part where the challenge is by a city

5    employee and is directed at an agency's internal policies. Rather, the proper

6    standard of evaluation, in keeping with the caveat that warns against judicial

7    intervention into administrative policy making, is whether the promulgation

8    enacted "is so irrational that it may be branded 'arbitrary'". Id. at 248.

9         Here, an internal policy that a police officer who is placed on administrative

10   leave should not contact a SMCCD employee cannot be considered so irrational

11   that it is arbitrary. Instead, the policy demonstrates prudence. It allows an

12   investigation to be carried out in a diligent and fair manner and helps to expunge

13   the public concern over corruption within public entities. Beyond that, plaintiff is

14   still afforded the protection of the California Peace Officers Bill of Rights, which

15   includes being "informed of the nature of the investigation prior to any

16   interrogation." CAL. GOVT. CODE § 3303(c). These protections and legitimate

17   concerns more than meet the deferential standard applied when a court is asked to

18   rule upon a public entity's personnel policies and orders. Therefore, Chief

19   Vasquez did not violate the plaintiff's constitutional rights when advising him not

20   to talk to other SMCCD employees during his administrative leave.

21        Moreover, plaintiff cannot claim that the impact on his role as union

22   parliamentarian forms the basis of his First Amendment injury, as it does not

23   constitute a matter of public concern and is therefore outside of the First

24   Amendment's protections.

25        With regard to his claim against the SMCCD, because the plaintiff has not

26   pled facts sufficient to impose liability against the individual defendants, SMCCD

27   as an entity cannot be held liable either, where a prerequisite for Monell liability is

28

- 14 -

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

1    the finding of an underlying constitutional violation.  <u>Monell v. Department of</u>

2    <u>Social Services of City of New York</u>, 436 U.S. 658 (1978).

3        Furthermore, even if a plausible constitutional claim could be found relative

4    to the individual defendants, the claim against SMCCD would still fail.  In <u>Monell</u>,

5    *supra*, the Supreme Court rejected the proposition that a governmental entity may

6    be held liable under a respondeat superior theory for an injury caused solely by its

7    employees or agents.  Instead, the Court held that to maintain a cause of action

8    against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a

9    plaintiff must establish that the governmental entity had a "custom, practice, and

10    policy" that led to a violation of the plaintiff's civil rights.  <u>Id.</u> at 694.

11        Therefore, to succeed on a 42 U.S.C. § 1983 claim, the plaintiff must

12    produce facts to establish four elements: (1) he possessed a constitutional right of

13    which he was deprived; (2) the City had a custom, practice or policy; (3) the

14    custom, practice or policy of the City "amounts to deliberate indifference" to his

15    constitutional right; and (4) that the custom, practice or policy is the "moving force

16    behind the constitutional violation." <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th

17    Cir. 1992).   In other words, the plaintiff must produce facts to show that SMCCD

18    instituted and maintains a custom, practice or policy that caused them to suffer a

19    constitutional violation.  <u>Berry v. Baca</u>, 379 F.3d 764, 767 (9th Cir. 2004).  The

20    plaintiffs cannot meet this burden unless they present evidence that would establish

21    "the existence of a widespread practice that . . . is so permanent and well-settled as

22    to constitute a 'custom or usage' with the force of law." <u>Gillette v. Delmore</u>, 979

23    F.2d 1342, 1349 (9th Cir. 1992).

24        Plaintiff's First Amended Complaint contains no allegations of such

25    permanent and well-settled policies or conduct so as to impose <u>Monell</u> liability.  It

26    is entirely silent, except to state in a conclusory fashion that Chief Vasquez sets

27    SMCCD policy.  [FAC, ¶ 79.]  Again, under <u>Iqbal</u>, such a conclusory statement is

28

- 15 -

1   not entitled to any weight and the Court need not even decide if it is plausible

2   before granting the motion.

3   **G.     Alternatively, The Court Should Order That Plaintiff Provide A**

4   **More Definite Statement With Respect To The 1983 Cause Of**

5   **Action Where It Seeks.**

6   Plaintiff's fifth cause of action under 42 U.S.C. §1983 is pled against both

7   individual and SMCCD as an entity.  However, the basis for holding each

8   defendant liable is different, as SMCCD can only be liable under § 1983 if a

9   Monell violation is found.

10   To address this, under Federal Rule of Civil Procedure 12(e) the plaintiff

11   should be required to provide a more definite statement separating out the

12   defendants into distinct causes of action, as they have different elements that must

13   be met before liability is imposed.  See FED. R. CIV. PROC. 12(e) ("A party may

14   move for a more definite statement of a pleading to which a responsive pleading is

15   allowed but which is so vague or ambiguous that the party cannot reasonably

16   prepare a response. The motion must . . . point out the defects complained of and

17   the details desired.")  If the Court is not inclined to dismiss the plaintiff's First

18   Amended Complaint for failure to facts sufficient to support a claim for relief, it is

19   respectfully requested that the plaintiff be ordered to provide a more definite

20   statement.

21   **III.   CONCLUSION**

22   Based upon the foregoing, the defendants respectfully request that this Court

23   grant the instant Motion to Dismiss with prejudice without affording the plaintiff

24   the opportunity to amend.

25   ///

26   ///

27   ///

28

- 16 -

1    DATED:  June 15, 2011              CARPENTER, ROTHANS & DUMONT

2

3

4                                    By: _____

5                                         LOUIS R. DUMONT
                                          JILL W. BABINGTON
6                                         Attorneys for Defendants,
                                          SANTA MONICA COMMUNITY
7                                         COLLEGE DISTRICT, a public entity,
                                          ALBERT VASQUEZ, SHERYL AGARD,
8                                         JENNIFER JONES, and TARA
                                          CRITTENDEN, public employees
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      - 17 -
     NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR,
            ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT