1
2
3
4

**MICHAEL A. MCGILL**– State Bar No. 231613
**CAROLINA VERONICA DIAZ** – state Bar No. 263301
**LACKIE, DAMMEIER & MCGILL**
**367 N. Second Avenue**
**Upland, CA  91784**
**(909) 985-4003**
**(909) 985-3299 [Fax]**
**mcgill@policeattorney.com/veronica@policeattorney.com**

5
6

Attorneys for Plaintiff, RUSSELL RUETZ

7
8
9
10
11

**LOUIS R. DUMONT** – State Bar No. 130198
**JILL BABINGTON** – State Bar No.
**CARPENTER, ROTHANS & DUMONT**
**888 S. Figueroa Street, Suite 1960**
**Los Angeles, CA  90017**
**(213) 228-0400**
**(213) 228-0401 [Fax]**
**ldumont@crdlaw.com/jbabington@crdlaw.com**

12
13

Attorneys for Defendants, SANTA MONICA COMMUNITY COLLEGE DISTRICT, a public entity, and CHIEF ALBERT VASQUEZ, SHERYL AGARD, JENNIFER JONES, and TARA CRITTENDEN, public employees

14

## UNITED STATES DISTRICT COURT

15

## CENTRAL DISTRICT OF CALIFORNIA

16

17

Claim of RUSSELL RUETZ,

18

　　　　　　Plaintiff,

19

　　　vs.

20
21
22
23
24
25
26
27

SANTA MONICA COMMUNITY COLLEGE DISTRICT, a municipal corporation; SANTA MONICA COLLEGE POLICE DEPARTMENT, an operating department thereof; ALBERT VASQUEZ, individually and as Police Chief; KURT TRUMP, individually and as Acting Chief/Sergeant; SHERYL AGARD, individually and as Secretary to the Chief of Police; JENNIFER JONES, individually and as Secretary; TARA CRITTENDEN, individually and as Dispatcher,

28

　　　　　　Defendants.

　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)
　　　　　)

Case No.: CV11-03921 JAK (Ex)

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26 (F) AND REPORT OF THE PARTIES EARLY MEETING**

**[F.R.C.P. Rule 12b(6) and (e)]**

DATE:  August 1, 2011
TIME:   1:30 p.m.
COURTROOM:  750

**Honorable John A. Kronstadt**
**U.S. District Court Judge**

---

1

1    TO THE HONORABLE JOHN A. KRONSTADT, UNITED STATES
2    DISTRICT COURT JUDGE:
3         Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure,
4    and this Court's June 16, 2011 Order, counsel for the parties submit this Joint
5    Scheduling Conference Report. This report is made following an early meeting of
6    counsel which took place on July 11, 2011, as required by Federal Rules of Civil
7    Procedure, Rule 26, and this Court's order. Parties will exchange documents
8    within fourteen (14) days pursuant to U.S. Central District Court Rules.
9
10        **A.    BRIEF SUMMARY OF CASE**
11        *PLAINTIFF'S STATEMENT*:
12        Plaintiff, a Santa Monica Community College police officer, has filed an
13   action against the District for violations of his First Amendment rights and for
14   reverse race discrimination, retaliation and harassment. Particularly, Plaintiff
15   claims that he pioneered the police officers union and was elected to
16   Parliamentarian in or about 2010. Plaintiff also claims that since the start-up of the
17   union, Plaintiff has undergone retaliation from Defendants for his active role and
18   participation in union activities.
19        Plaintiff also alleges that Defendants placed an illegal "gag order" on him,
20   which estopped Plaintiff from participating in union activity, estopped Plaintiff
21   from acting as Parliamentarian and estopped Plaintiff from communicating with
22   co-workers and friends.
23        As for Plaintiff's race discrimination allegations, Plaintiff alleges that he
24   endured harassment, retaliation and discrimination from Defendants because of his
25   Caucasian race. Plaintiff endured comments such as "white boy", "f**ing cracker",
26   "blue-eyed white devil" and more. Plaintiff and Plaintiff's co-workers, on two
27   separate occasions, complained of discrimination against Plaintiff. Defendants
28   responded with "[Plaintiff] deserves it" and did absolutely nothing to rectify the

discrimination. Also, just a short month after Plaintiff complained of discrimination, he was placed on "administrative duty", where he was forced to perform demeaning tasks like cleaning, and was also forced to report to the same exact Defendants who had made the discriminatory remarks to Plaintiff.

**DEFENDANT'S STATEMENT**

Plaintiff, RUSSELL RUETZ, is a Santa Monica Community College District ("SMCCD") police officer, who has filed a civil action against SMCCD; its Chief of Police Albert Vasquez; former SMCCD Sergeant Kurt Trump; SMCCD Secretary to the Chief of Police, Sheryl Agard; SMCCD Secretary Jennifer Jones; and SMCCD Dispatcher Tara Crittenden.  Officer RUETZ is alleging that he was subjected to discrimination on the basis of his race (Caucasian), retaliation, harassment, and for violating his civil rights under the First and Fourteenth Amendments when SMCCD placed him on administrative leave with an alleged "gag order," whereby plaintiff was instructed not to contact members of the SMCCD Police Department or SMCCD employees without permission.

**1.      Federal Claim**

Defendants contends that plaintiff's federal claim has nothing to do with a violation of his rights to speech and association, but instead concerns his administrative leave and a criminal investigation that was instituted by the Santa Monica Police Department ("SMPD") involving Officer Ruetz.  While the investigation was being conducted, the plaintiff was given a qualified directive to refrain from contacting members of the SMCCD Police Department and other College employees, unless he obtained permission from SMCCD Police Chief, Dr. Albert Vasquez.  This was done to avoid interference with the City's ongoing investigation.  Thus, there was no "gag order."

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26 (F)
AND REPORT OF THE PARTIES PLANNING MEETING

### 2.    State Law FEHA Claims

Defendants dispute the plaintiff's allegations and contend that Officer Ruetz's state law discrimination claims are time barred as the asserted conduct giving rise to plaintiff's charges transpired in 2008, despite the fact that plaintiff's complaints with the California Department of Fair Employment and Housing ("DFEH") were not filed until May of 2010.

Moreover, the actions of the defendants in this case are not the result of any discriminatory animus.  Plaintiff's conduct as a police officer has been called into question since 2008.  This has subjected him to numerous warnings, reprimands, and investigations.  Defendants contend that Officer Ruetz filed the instant lawsuit in an effort to gain leverage in his ongoing administrative proceedings that have been instituted to address his conduct, or misconduct, some of which have resulted in the institution of disciplinary action.  In addition, defendants believe that plaintiff has made assertions against several of the females in this action to counter complaints of discrimination and harassment that were previously leveled against the plaintiff.

### B.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over the federal question claim pursuant to 28 U.S.C. § 1331.  The Court can exercise its supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### C.    Legal Issues

Plaintiff's First Amended Complaint asserts claims against all defendants for state law discrimination, retaliation, harassment, as well as a claim for the alleged failure of SMCCD to take corrective action relative to Officer Ruetz's complaints.  Plaintiff has also pled a federal claim for violation of 42 USC §1983 for the alleged violation of his right to free speech and association because of

1    Chief Vasquez's qualified directive concerning his communications with SMCCD

2    police officers and employees during SMPD's criminal investigation.

3        The state law claims involve statutory violations of California Government

4    Code § 12940 et. seq.  As noted above, defendants dispute these claims and

5    contend that they are both procedurally deficient and substantively defective.  The

6    First Amended Complaint is presently the subject of a pending Motion to Dismiss

7    and/or Motion for More Definite Statement relative to setting forth the actual

8    dates and facts underlying the plaintiff's claims.  The hearing on this matter is

9    scheduled for August 1, 2011.  Should the complaint survive, defendants will

10   respond and assert the appropriate affirmative defenses.

11       In addition, defendants believe that the subject of at least two of the

12   incidents giving rise to plaintiff's "harassment" claims are presently the subject of

13   an pending administrative action and, therefore, defendants assert that plaintiff has

14   not yet exhausted his administrative remedies prior to initiating the instant

15   lawsuit.  Moreover, it also imminent that the gravamen of plaintiff's federal claim

16   and alleged "gag order" will also be the subject of a future administrative action,

17   and is thus not ripe for litigation at this juncture.

18   **D.    Parties and Non-Party Witnesses**

19       The following are a list of potential witnesses' relative to the plaintiff's state

20   and federal claims:

21       SMCCD Officer Russell Ruetz, SMCCD, Police Chief Dr. Albert Vasquez,

22   former SMCCD Sgt. Kurt Trump, SMCCD Sgt. Raymond Bottenfield, SMCCD

23   Sgt Jere Romano, SMCCD Sgt. Charles Bay, Officer Ron Marable, Officer Steve

24   Hearn, Officer Alberto Echeverria, Officer Brown, Officer Cesar Becerra, Officer

25   Mark Kessler, Officer Willie Malone, Officer Louie Ornelas, Officer Michael

26   Champagne, Retired Dispatcher, Frank Vargas, PEO Micahl Mitchell, PEO Linda

27   Hernandez, PEO Tom Adshade, PEO Ron Valdez, PEO Juan Virgen, PEO

28

1  McLeandon, Dispatcher Tara Crittenden, Dispatcher Kathy Kerce, Administrative

2  Secretary Jennifer Jones, Sasha Agard; City of Santa Monica Police Department,

3  SMPD Det. Lambert, SMPD Sgt. Saul Rodriguez, SMPD Sgt. Moroso, SMPD

4  Officer Greer, SMPD Officer Ortiz, SMPD Officer Paez, SMPD Officer Mitchell,

5  SMPD Officer Jaeno, Vanessa Thornton, and Judy Penchansky.

6       **E.**    **Damages**

7       Defendants deny that they have damaged plaintiff in any manner.  However,

8  plaintiff is seeking damages which include: back pay, front pay, lost wages, future

9  damages, damages under §1983, emotional damages, attorneys' fees, costs of suit,

10 punitive damages, general damages, special damages and any other damages which

11 Plaintiff is entitled to under the law.

12      **F.**    **Insurance**

13      Defendant SMCCD is self-insured and carries excess coverage through its

14 JPA SWACC.  Plaintiff is uninsured.

15      **G.**    **Motions**

16      Defendants anticipate filing a Motion for Summary Judgment/Adjudication

17 and may file a Motion to Stay Proceedings for Plaintiff's Failure to Exhaust his

18 Administrative Remedies.  It is also possible that a Motion to Bifurcate may be

19 filed depending on the evidence that is produced in the discovery process in this

20 case.  The motion cut-off date shall be June 30, 2012.

21      **H.**    **Manual for Complex Litigation**

22      Neither party believes that any part of the procedures of the Manual for

23 Complex Litigation will be required in this case.

24      **I.**    **Status of Discovery**

25      Neither party requests or anticipates a need to change any rules relating to

26 disclosures under Rule 26(a), and the parties have agreed to initial disclosure date

27 of July 25, 2011.

28 \\\

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26 (F)
AND REPORT OF THE PARTIES PLANNING MEETING**

1    The parties do not feel that discovery conducted in phases would be
2    particularly helpful with respect to this case.

3    The parties believe that plaintiff's ongoing administrative proceedings in
4    contesting disciplinary action taken against him may delay some discovery if the
5    proceedings are not concluded in a timely fashion, because they involve other
6    governmental agencies who may not produce documents in a timely fashion.

7    The parties have just served their initial written discovery.

8    **J.    Discovery Plan**

9    The parties believe that discovery should be conducted as provided for in the
10   Federal Rules of Civil Procedure and that there is presently no need for other
11   limitations or alterations to those rules.

12   Plaintiff anticipates conducting approximately 8 depositions in this matter at
13   this time.  The depositions will be focused on to the facts relative to the plaintiff's
14   discrimination, harassment and retaliation claims, as well as the alleged gag order
15   and its potential affect on plaintiff.

16   The defendants anticipate conducting the depositions of the plaintiff, as well
17   as any percipient witnesses.  There could be 10-20 depositions depending upon the
18   nature and extent of the events, including facts, underlying plaintiff's claims.  The
19   defendants will also conduct discovery relative to the plaintiff's alleged damages.

20   **K.    Discovery Cutoff**

21   The parties request a discovery cutoff of April 21, 2012.

22   **L.    Expert Discovery**

23   The parties request an initial expert discovery exchange date of April 30,
24   2012.  The parties request an rebuttal expert discovery exchange date of May 30,
25   2012.  The expert discovery cut-off of will be June 22, 2012.

26   **M.    Dispositive Motions**

27   Defendants intend to a file a Motion for Summary Judgment during the
28   pendancy of this case.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26 (F)
AND REPORT OF THE PARTIES PLANNING MEETING**

**N.    Settlement**

To date, no settlement discussions have occurred between the parties.  The parties request Settlement Procedure Number 2 from the ADR form filed concurrently herewith (attorney selected from the attorney settlement officer panel).  The settlement conference shall be concluded by June 15, 2012

**O.    Trial Estimate**

The parties estimate that trial will require seven to ten court days.  Trial will be by jury.  Plaintiff anticipates calling approximately 10 witnesses for the trial of this matter regarding the incidents and events giving rise to the discrimination and civil rights claims.  The defendants will call the necessary witnesses to rebut the plaintiff's claims and to support their affirmative defenses; however, at this time, the defendants do not have an estimate of how many witnesses this will require.

**P.    Trial Counsel**

Trial Counsel for the Plaintiff will be Michael McGill and Carolina Veronica Diaz.

Trial Counsel for Defendants will be Louis Dumont and Jill Babington.

**Q.    Independent Expert or Master**

The parties do not anticipate the need for the appointment of any independent expert or master in this case.

**R.    Timetable**

See attached.  Trial date shall be August 21, 2012.  Status Conference Regarding Exhibits shall be August 17, 2012.  The Pre-Trial Conference shall be August 6, 2012.

**S.    Other issues affecting the Status or Management of the Case**

\\\

\\\

\\\

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26 (F)
AND REPORT OF THE PARTIES PLANNING MEETING

1  As noted above, there is present one and may be additional administrative

2  proceedings arising out of discipline issued in connection with the events giving

3  rise to plaintiff's claims.  The pending administraive action has apparently been

4  ongoing for more than a year and has not been completed.

5      **T.    Rule 26(a) Disclosures.**

6      The parties met and conferred regarding their initial disclosures during their

7  Early Meeting of Counsel.

8      The parties are preparing their initial disclosures and anticipate they will

9  have done so before the scheduling conference.

10

11                  LACKIE, DAMMEIER & MCGILL

12

13

14  DATED: July 19, 2011

15                  MICHAEL MCGILL

16                  CAROLINA VERONICA DIAZ
                Attorneys for Plaintiff,

17                  RUSSELL RUETZ

18

19  DATED: July 21, 2011        CARPENTER, ROTHANS & DUMONT

20

21  By:

22                  LOUIS R. DUMONT

23                  JILL BABINGTON
                Attorneys for Defendants,

24                  SANTA MONICA COMMUNITY
                COLLEGE DISTRICT, a public entity, and

25                  CHIEF ALBERT VASQUEZ, SHERYL
                AGARD, JENNIFER JONES, and TARA

26                  CRITTENDEN, public employees

27

28

9

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | CV11-03921 JAK (Ex) |
|---|---|
| Case Name: | Claim of RUSSELL RUETZ, Plaintiff v.  SANTA MONICA COMMUNITY COLLEGE DIST., et al. |

| Matter | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| [ X ] Jury Trial [   ] Court Trial: **(Tuesday at 9:00 a.m.)**  Duration Estimate:  7 – 10 days | 8-21-12 | 8-21-12 | |
| Status Conference re Exhbits: **(Friday at 3:00 p.m.)**  Friday before the trial date | 8-17-12 | 8-17-12 | |
| Final Pretrial Conference: **(Monday at 1:30 p.m.)**  2 weeks before the trial | 8-6-12 | 8-6-12 | |
| Status Conference re Settlement: **(Monday at 1:30 p.m.)**  30 days before the cut-off date | 7-15-12 | 7-15-12 | |

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | | | | |
| Non-Expert Discovery Cut-Off | 16 | 4-21-12 | 4-21-12 | |
| Expert Disclosure (initial) | 15 | 4-30-12 | 4-30-12 | |
| Expert Disclosure (rebuttal) | 11 | 5-30-12 | 5-30-12 | |
| Last Date to Conduct Settlement Conference | 10 | 6-15-12 | 6-15-12 | |
| Expert Discovery Cut-Off | 8 | 6-22-12 | 6-22-12 | |
| Last Date to Hear Motions | 8 | 6-30-12 | 6-30-12 | |

| Settlement Procedure Selection (ADR-01):<br>1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | | | |
|---|---|---|---|

8