Michael A. McGill SBN: 231613
mcgill@policeattorney.com
Carolina Veronica Diaz  SBN:263301
veronica@policeattorney.com
**LACKIE, DAMMEIER & MCGILL APC**
367 North Second Avenue
Upland, CA 91786
Telephone:   (909) 985-4003
Facsimile:   (909) 985-3299

Attorneys for Plaintiff-Petitioner
RUSSEL RUETZ

2011 AUG 16  PM 3:39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Claim of RUSSELL RUETZ,<br><br>               Plaintiff,<br><br>     vs.<br><br>SANTA MONICA COMMUNITY<br>COLLEGE DISTRICT, a municipal<br>corporation; SANTA MONICA<br>COLLEGE POLICE DEPARTMENT,<br>an operating department thereof;<br>ALBERT VASQUEZ, individually and<br>as Police Chief; KURT TRUMP,<br>individually and as Acting<br>Chief/Sergeant; SHERYL AGARD,<br>individually and as Secretary to the<br>Chief of Police, JENNIFER JONES,<br>individually and as Secretary; TARA<br>CRITTENDEN, individually and as<br>Dispatcher; and ROES 1-10,<br><br>           Defendants. | Case No.: CV11-03921 JAK 9(Ex)<br><br>**SECOND AMENDED<br>COMPLAINT FOR DAMAGES** |

///

///

**SECOND AMENDED COMPLAINT FOR DAMAGES- 1**

## JURISDICTION & VENUE

1.      Jurisdiction is proper because the parties reside in the Los Angeles region. Venue is proper in the Superior Court of Los Angeles- Central District in that the wrongs alleged herein occurred within the County of Los Angeles.

## PARTIES

2.      Plaintiff, RUSSEL RUETZ (hereinafter referred to as "Plaintiff"), is a United States citizen and resident of the State of California.  Plaintiff is a current employee of the Santa Monica Community College, employed as a police officer. Plaintiff is a white male. At all times relevant to the allegations contained herein, Ruetz has been a resident of Los Angeles County.  Claimant's home address is confidential under Penal Code §§146e and 832.7, and Vehicle Code §1808.4(a)(11).

3.      Defendants, SANTA MONICA COMMUNITY COLLEGE DISTRICT (hereinafter referred to as "SMC") , a municipal corporation and SANTA MONICA COLLEGE POLICE DEPARTMENT (hereinafter referred to as "Department"), an operating department thereof; is a duly constituted municipal corporation operating under the laws of the State of California, wholly situated in the County of Los Angeles.

4.      At all times relevant herein for all purposes connected with the management of employment relations matters within the Department and the District, the District and Department delegated its final policy-making authority to Defendants': Albert Vasquez, Kurt Trump, Sheryl Agard, Jennifer Jones, and Tara Crittenden (and ROES 1-10). The City adopted and ratified each of these individuals decisions as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by the District and the Department.

5.      Defendant ALBERT VASQUEZ ("Vasquez") was at all times relevant, the Police Chief for the Police Department at SMC. In doing the things alleged herein, Vasquez acted under color of state law, within the course and scope of his employment, and as an official policy-maker for the District and Department. As a Department Head, Vasquez is vested with policy-making authority over actions such as the ones at issue in this complaint.

6.      Defendant KURT TRUMP ("Trump") was at all times relevant, a Police Sergeant for the Police Department at SMC. Trump is/was employed as a Sergeant and previously served as the Acting Chief of Police. In doing the things alleged herein, Trump acted under color of state law, and within the course and scope of his employment.

7.      Defendant SHERYL AGARD ("Agard") (also known as "Sasha") was at all times relevant, an employee of the Police Department at SMC. Agard is/was employed as a Secretary to the Chief of Police. In doing the things alleged herein, Agard acted under color of state law, and within the course and scope of her employment.

8.      Defendant JENNIFER JONES ("Jones") was at all times relevant, an employee of the Police Department at SMC. Jones is/was employed as a Secretary to the Chief of Police. In doing the things alleged herein, Jones acted under color of state law, and within the course and scope of her employment.

9.      Defendant TARA CRITTENDEN ("Crittenden") was at all times relevant, an employee of the Police Department at SMC. Crittenden is/was employed as a Dispatcher. In doing the things alleged herein, Crittenden acted under color of state law, and within the course and scope of her employment.

10.     ROES 1 through 10 are unknown at this time, but are or were at relevant times employees of Defendant.  When the true names and capacities of said persons become known to Plaintiff, Plaintiff will seek leave to amend this claim to show the true identities of each said ROES in place of their fictitious names as ROES 1 through 10.

11.     The acts and omissions of the Defendants who are or may be identified as employees and/or officials of the City, were undertaken in accordance with and represent the official policies of the city and/or were undertaken by employees whose acts and omissions may be fairly said to represent the official policies of the City.

12.     Defendants, and each of them, except the Santa Monica College and Santa Monica College District, which are both entities, are sued in their individual and official capacities.

13.     Unless otherwise indicated, each Defendant conspired, committed, ordered, directed, supervised, allowed, planned ratified, concealed, organized, or otherwise participated in one or more of the unlawful acts complained of herein.

14.     Plaintiff filed charges with Department of Fair Employment ("DFEH") and Housing regarding the discriminatory acts alleged herein on or about May 21, 2010.

15.     The DFEH issued a Notice of Right to Sue on or about May 21, 2010. A true and correct copy of the Right to Sue Notice(s) are attached hereto at Exhibit "A".

## RELEVANT FACTS

**A.     Plaintiff's Background and Police Officer Association Activity**

16.     At all times relevant, Plaintiff has been a police officer for the Santa

1  Monica College District and its Police Department. Plaintiff was hired by the

2  SMC/Department in June 2005 to the position of police officer. Plaintiff has been a

3  productive and highly successful member of the Police Department. Plaintiff has

4  been a valuable asset to both the SMC/Department and the public which he serves.

5      17.    In or around 2008, Plaintiff suggested to the Department and other

6  employees of the Department- the start up a union/association for its police

7  officers. Plaintiff pioneered this endeavor and was ultimately elected as

8  Parliamentarian for the Santa Monica College Police Officers Association

9  ("SMCPOA") in or around 2010.

10     18.    Right around the start- up of the POA, in or about 2008, Plaintiff

11  decided to exercise his rights under the Peace Officer Bill of Rights ("POBR") and

12  therefore requested a representative to be present at a meeting with the Chief of

13  Police and the Vice President of the District.

14     19.    Shortly after Plaintiff exercised his rights under the POBR, in March

15  2008, DEFENDANT, SERGEANT KURT TRUMP, stated to Plaintiff that "POBR

16  is a joke" and that "people who exercise their rights under POBR should be fired".

17  TRUMP also stated to Plaintiff that since he had requested a representative for a

18  meeting, that TRUMP was "going to take this issue to a higher level". Plaintiff

19  understood these comments to be harassing and threatening.

20

21     20.    Thereafter, On March 31, 2008, Plaintiff reported SERGEANT

22  TRUMP'S actions and comments to the District/Department. After Plaintiff's

23  report, TRUMP and other DEFENDANTS' conduct towards Plaintiff worsened.

24     21.    After Plaintiff complained and filed a report of retaliation and

25  harassment by TRUMP, in mid-April 2008, TRUMP told Plaintiff that he "was no

26  longer going to be a detective". On May 1, 2008, Plaintiff was also denied

27  administrative access to the department computer (Computer Aided Dispatch

28  System also known as "CAD") because, according to Defendants, "[Plaintiff]

couldn't be trusted".  Previous to this incident, Plaintiff assisted in procuring the CAD and was assigned to setup the CAD by the prior Chief of Police. Moreover, after Plaintiff complained to the District/Department, he underwent numerous arbitrary and retaliatory write-ups, such as verbal counseling memorandums.

22.    In 2008, Plaintiff, during a "confidential" department review with a clinical psychologist who works for Defendants, Manny Tau, Plaintiff was told to be honest about his feelings about the Department. Plaintiff stated that the Department had poor management and that Plaintiff had been mistreated. Plaintiff's review was then leaked to TRUMP. TRUMP told Plaintiff that because of the department review, Plaintiff "was a problem with the department".

**B.    Defendants' Retaliation for Plaintiff's Union Activity**

23.    After Plaintiff's start-up and involvement in union activity, since 2008 and from 2009, 2010 to the present, Defendant TRUMP would constantly harass Plaintiff and treat him different and apart from other employees. For example, Plaintiff underwent the following from 2008 through the present:

    a.    TRUMP would berate Plaintiff with questions, embarrass Plaintiff in front of others, randomly pull Plaintiff into his office and assign him odd and embarrassing tasks such as cleaning or organizing;

    b.    TRUMP told Plaintiff that "[Plaintiff] doesn't know what he is doing", and also make negative references to Plaintiff's "younger" age, stating that "[Plaintiff] is not capable of doing his job" and that "[Plaintiff] has no knowledge";

    c.    At Department meetings, TRUMP would single Plaintiff out and treat him different from all other employees. At these meetings, TRUMP would yell at Plaintiff, in front of other employees, "to report to [TRUMP'S] office immediately!"

24.    Plaintiff understands TRUMPS actions to be in direct retaliation for Plaintiff's union start-up and activity and also for Plaintiff's reporting of TRUMP'S harassment and retaliation.

**C.    The Gag Order**

25.    On or around May 3, 2010, the Department and CHIEF VASQUEZ placed Plaintiff on administrative leave with a gag order whereby Plaintiff could not contact any member of the Santa Monica College Police Department or any college employees without permission from VASQUEZ. The gag order was issued verbally and then memorialized in writing. On that same date, Plaintiff was not informed of the reasons he was being placed on administrative leave.

26.    The gag order hindered Plaintiff, the Parliamentarian of the POA, to communicate with his fellow board members and other members of the Association. Plaintiff was estopped from participating in any union activity and was also estopped from acting as Parliamentarian of the POA. Plaintiff was also hindered from communicating with his friends, who are members of the Santa Monica College Police Department and also who are College employees. The gag order is currently still in place.

27.    In or about June, 2010 the Defendants' issued a complaint against Plaintiff with Santa Monica Police Department ("SMPD") so that SMPD would issue a search warrant for Plaintiff's home. The search warrant was signed by a magistrate. It is Plaintiff's belief that the Department's complaint and search warrant were issued to further harass, retaliate and humiliate Plaintiff.

**D.    Race Discrimination, Harassment and Retaliation**

28.    Plaintiff is a Caucasian officer and he works with several African-American employees, including Defendant Sasha Agard, Defendant Jennifer Jones, Sergeant Charles Bayes, and Defendant Tara Crittenden. From 2008 to 2010,

Plaintiff has undergone discrimination, harassment and retaliation because of his Caucasian race from the following persons: Defendant Sasha Agard, Defendant Jennifer Jones, Sergeant Charles Bayes,  and Defendant Tara Crittenden. Some examples are:

a.    In or about 2008 through 2010, an African-American Sergeant, Charles Bayes, told Plaintiff that he could not come inside the police station because he wasn't liked by the African-American employees;

b.    In or about 2008 through 2010, an employee of SMC, DEFENDANT SASHA AGARD, whom is an African American, frequently called/calls Plaintiff a "blue-eyed white devil". Agard also uses this term with other employees of the SMC/Department when referring to Plaintiff;

c.    In or about 2008 through 2010, an employee of SMC, DEFENDANT JENNIFER JONES, stated that Plaintiff was a "quintessential white boy and I hate him";

d.    In or about 2008 through 2010, JONES and AGARD constantly made/make racial comments and jokes to other employees at the SMC/Department regarding Plaintiff being Caucasian;

e.    In or about 2008 through 2010, an employee of SMC, DEFENDANT TARA CRITTENDEN, would constantly refer to Plaintiff as a "f*cking cracker"; and "white boy".

29.    After hearing the numerous derogatory and discriminatory comments about Plaintiff, an SMC employee, Officer Mike Champagne reported the conduct to DEFENDANT TRUMP. DEFENDANT TRUMP responded to Officer Champagne with "[Plaintiff] deserves it". TRUMP did absolutely nothing when he was notified that Plaintiff was constantly being harassed and discriminated against because of his race.

SECOND AMENDED COMPLAINT FOR DAMAGES- 8

30.    In early 2010, Plaintiff also complained/reported to DEFENDANT CHIEF VASQUEZ that Plaintiff was being discriminated against and harassed because of his race. VASQUEZ replied to Plaintiff, "You may be knocking on a door that you may not want to be knocking on, and that could be bad for your career". Plaintiff took this comment as a threat to his career. VASQUEZ failed to do anything to protect PLAINTIFF from discrimination and harassment.

31.    Just a short month after Plaintiff complained of race discrimination, on March 30, 2010, VASQUEZ placed Plaintiff on "administrative duty". Plaintiff was forced to do demeaning tasks not otherwise assigned to police officers, such as: cleaning, organizing storage containers and other various secretarial and janitorial duties. Plaintiff was also forced to report to DEFENDANTS AGARD and JONES, the same employees who had harassed Plaintiff because of his race.

32.    In the middle of 2010, Plaintiff notified VASQUEZ that he was filing a lawsuit. VASQUEZ told Plaintiff that "[Plaintiff] was not a proper fit [for SMC]".

# FIRST CAUSE OF ACTION FOR

# FEHA DISCRIMINATION (CAL. GOV. CODE SECTION 12940)

## *Against Defendant(s) Santa Monica Community College District and Santa Monica Community College Police Department*

33.    Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

34.    **Protected Employee:** Plaintiff is a protected employee, who is not supposed to be discriminated against.   California Government Code Section 12940(a).

35.    **Covered Employer**.  Santa Monica Community College and Santa Monica Community College Police Department are public entities, and hence are considered an employer.  California Government Code Section 12926(d).

36. **Adverse treatment.** An employer may not discriminate in promotions, compensation, terms, conditions, or privileges of employment based on race and opposition to racial discrimination. Plaintiff was subjected to this adverse treatment in the form of lack of promotion, counseling, involuntary administrative penalty, denial of benefits, ostracism, negative evaluations, negative comment sheets, reassignments, retaliation, and other acts and conduct by Defendants as further described herein.

37. **Discriminatory Intent**: There was a causal connection between the race of Plaintiff and the adverse treatment by Defendants. Plaintiff's race was a factor in the employer's decisions and conduct, when viewing the totality of the circumstances.

38. **Discriminatory Intent**: There was a causal connection between the opposition to racial discrimination by Plaintiff and the adverse treatment by Defendants. Plaintiffs opposition to Defendants unlawful racial animus levied against its employees was a factor in the employer's decisions and conduct, when viewing the totality of the circumstances.

39. California Government Code section 12940(h) makes it unlawful for an employer, or person to discriminate against any person because he has opposed practices forbidden under Section 12940 (discrimination, harassment, or retaliation). Moreover, it is illegal to harass an employee under Section 12940(j)(1). The employer and individuals who pursue such harassment or retaliation (such as threatening to take disciplinary action against employees who have filed claims of discrimination, harassment or retaliation) may be personally liable. California Government Code Section 12940(j) (3). Defendants retaliated against the Plaintiff in violation of the law. Plaintiff was subjected to discrimination based on race and opposition to racial discrimination when Defendants targeted Plaintiff for the adverse actions and other conduct described herein and for singling out Plaintiff for such conduct, including but not improper comments; initiation of false complaints; unjustified counseling; unjustified written reprimands; negative and/or

unfavorable evaluations; ostracism in the workplace; initiating unjustified disciplinary investigations; initiating and creating negative rumors about Plaintiff's personal conduct; refusal of supervisors to stop wrongdoing; retaliation for his complaints of wrongdoing and opposition to harassment; differential and negative treatment of Plaintiff, and other conducted alleged herein.

40.  As a legal result of the above-described conduct of Defendant, Plaintiff has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to good name, reputation, standing in the community, and other non-economic damages.

41.  As a further legal result of the above-described conduct of Defendant, Plaintiff was and will be hindered, prevented, and/or precluded from performing Plaintiff's usual activities, work, education, and occupation, causing Plaintiff to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

42.  As a further legal result of the above-described conduct of Defendant, Plaintiff suffered incidental, consequential, and/or special damages according to proof.

43.  As a further legal result of the above-described conduct of Defendant, Plaintiff has and will continue to incur attorneys' fees and costs according to proof.

## SECOND CAUSE OF ACTION FOR
## FEHA RETALIATION (CAL. GOV. CODE SECTION 12940)
### *Against Defendant(s) Santa Monica Community College District and Santa Monica Community College Police Department*

44.    Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

45.    **Protected Employee.** Plaintiff was a protected employee who engaged in protected activity: complaining about harassment, discrimination, and/or retaliation, who was subjected to adverse employment actions for reporting and/or opposing the misconduct.

46.    **Employer.** Defendants are all "employers" under California Government Code section 12940(f) which includes governmental agencies and individuals.

47.    **Adverse Treatment.** Plaintiff was discriminated against in the manners set out above, and harassed as shown above after opposing discriminatory practices and/or harassment by Defendants and for notifying a fellow officer of the existence of a document.

48.    **Retaliatory Intent.** There is a causal link between the Plaintiffs opposition to discriminatory practice and activity, and the adverse action taken by the employer.

49.    After Plaintiff reported and opposed discrimination, harassment, and retaliation in the workplace by his employer and its agents, Plaintiff was subjected to retaliation from his employer (Defendants), as described herein in the form of discrimination and harassment conduct and actions against Plaintiff.

50.    As a result of Defendants retaliatory conduct, continuous threats, fear of further retaliation, illegal activity, coupled by SMC's complete failure to timely investigate and bring any resolution to this issue, Plaintiff's working conditions became intolerable.

51.    The reprisal actions of Defendants caused Plaintiff to suffer injury, damage, loss, or harm.

52.    As a legal result of the above-described conduct of Defendants,

**SECOND AMENDED COMPLAINT FOR DAMAGES- 12**

1  Plaintiff has sustained and will continue to sustain severe physical, mental, and
2  emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief,
3  anxiety, worry, shame, mortification, injured feelings, mental suffering, shock,
4  humiliation and indignity, as well as other unpleasant physical, mental, and
5  emotional reactions, damages to good name, reputation, standing in the
6  community, and other non-economic damages.

7      53.   As a further legal result of the above-described conduct of
8  Defendants, Plaintiff was and will be hindered, prevented, and/or precluded from
9  performing Plaintiffs usual activities, work, education, and occupation, causing
10  Plaintiff to sustain damages for loss of income, wages, earning, and earning
11  capacity, and other economic damages, in an amount to be ascertained according to
12  proof.

13      54.   As a further legal result of the above-described conduct of
14  Defendants, Plaintiff suffered incidental, consequential, and/or special damages
15  according to proof.

16      55.   As a further legal result of the above-described conduct of
17  Defendants, Plaintiff has and will sustain attorneys' fees and costs in an amount
18  according to proof.

### THIRD CAUSE OF ACTION FOR
### FEHA HARASSMENT (CAL. GOV. CODE SECTION 12940)
### *Against All Defendants*

22      56.   PLAINTIFF repeats and re-alleges each and every allegation set forth
23  above, and
24  incorporates same by reference as though set forth fully herein.

25      57.   **Protected Employee:** PLAINTIFF is a protected employee, who is
26  not supposed to be harassed. *Matthews v. Superior Court*, (1995) 34 Cal.App.4th
27  598.

58.   **Covered Employer.**   DEFENDANTS are all an "employer" for harassment purposes, as an employer is "any person regularly employing one or more persons, or any person acting as an agent of an employer..."  Gov. Code section 12940(j)(4)(A).  Supervisors, such as the individual defendants herein, may be held personally liable for harassment.  *Page v Superior Court* (1995) 31 Cal.App.4th 1209, 1212.

59.   **Harassment on the basis of race.**   DEFENDANTS and each of them engaged in unwelcome conduct based on race, including verbal conduct (i.e. derogatory comments or slurs) as well as insults towards PLAINTIFF by the conduct noted herein.  DEFENDANTS also based employment decisions and other conduct on PLAINTIFF's complaints of harassment and opposition to the harassment.  Further acts of harassment include but are not limited to the following: improper comments of a racial nature; improper comments; initiation of false complaints; denied work assignments; unjustified counseling; negative and/or unfavorable evaluations; ostracism in the workplace; initiating and creating negative rumors about Plaintiff's personal conduct; subjected to invasions of her personal property; refusal of supervisors to stop wrongdoing; retaliation for his complaints of wrongdoing and opposition to harassment; and other conducted alleged herein.

60.   **Adverse treatment.**   An employer may not discriminate in compensation, terms conditions or privileges of employment based on race.  PLAINTIFF was subjected to this adverse treatment in the form of job detriments, demotion/lack of promotion, suspensions and other discipline, denial of benefits, ostracism, denial of days off, denial of special assignments, negative evaluations, negative comment sheets, transfers, reassignments, retaliation, and other acts and conduct by DEFENDANTS as further described herein.

**SECOND AMENDED COMPLAINT FOR DAMAGES- 14**

61.   As a legal result of the above-described conduct of DEFENDANT, PLAINTIFF has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to good name, reputation, standing in the community, and other non-economic damages.

62.   As a further legal result of the above-described conduct of DEFENDANT, PLAINTIFF was required, and/or in the future may be required, to engage the services of health care providers, and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

63.   As a further legal result of the above-described conduct of DEFENDANT, PLAINTIFF was and will be hindered, prevented, and/or precluded from performing PLAINTIFF's usual activities, school work, education, and occupation, causing PLAINTIFF to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

64.   As a further legal result of the above-described conduct of DEFENDANT, PLAINTIFF suffered incidental, consequential, and/or special damages, in an amount according to proof.

65.   As a further legal result of the above-described conduct of DEFENDANT, PLAINTIFF has and will continue to incur attorneys' fees and costs in an amount according to proof.

66.   The conduct of DEFENDANTS and each of them was willful, wanton, oppressive, fraudulent, despicable, and beyond that which should be tolerated by a civilized society.  The acts of DEFENDANTS and each of them

1    were carried out with a conscious disregard of the likelihood of causing injury,
2    suffering, or distress to PLAINTIFF and therefore punitive damages in a sum
3    according to proof, consistent with the net worth of DEFENDANTS and in a sum
4    sufficient to deter similar such conduct in the future is also sought against all
5    individual and non-municipal defendants (i.e., not against COUNTY).

## FOURTH CAUSE OF ACTION FOR
## FEHA FAILURE TO TAKE CORRECTIVE ACTION
## (CAL. GOV. CODE SECTION 12940)

### *Against Defendant(s) Santa Monica Community College District and Santa Monica Community College Police Department*

12    67.    Plaintiff repeats and re-alleges each and every allegation set forth
13    above, and incorporates same by reference as though set forth fully herein.

14    68.    Plaintiff and another employee reported discrimination, harassment,
15    and retaliation occurring against Plaintiff to Defendants, who failed to properly
16    investigate the claims and failed to take proper corrective action to prevent further
17    acts of discrimination, harassment, or retaliation against Plaintiff.

18    69.    Defendants had an obligation to take corrective action to prevent
19    further harassment of its employees, but failed to do so in violation of California
20    Government Code section 12940(k) and other applicable portions of the
21    Government Code.  Defendants failed to conduct proper investigations, implement
22    proper policies to prevent discrimination, harassment, or retaliation, and failed to
23    properly punish those who engaged in misconduct to deter further such actions in
24    the future.

25    70.    The inactions and/or insufficient actions of Defendants caused
26    Plaintiff to suffer injury, damage, loss, or harm, as described herein.

27
28

71.    As a legal result of the above-described conduct of Defendants, Plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to good name, reputation, standing in the community, and other non-economic damages.

72.    As a further legal result of the above-described conduct of Defendants, Plaintiff was and will be hindered, prevented, and/or precluded from performing Plaintiff's usual activities, school work, education, and occupation, causing Plaintiff to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

73.    As a further legal result of the above-described conduct of Defendants, Plaintiff suffered incidental, consequential, and/or special damages according to proof.

74.    As a further legal result of the above-described conduct of Defendants, Plaintiff has and will sustain attorneys' fees and costs in an amount according to proof.

75.    The aforedescribed acts and omissions of the Defendants were committed pursuant to and as a part of an official policy, custom and practice established by the City with purpose and effect of depriving the Plaintiff the aforesaid civil and constitutional rights on the unlawful bases of race, ethnicity, expression, association and political affiliation.  As a direct and proximate result of the official policy and practices of the City as complained of herein, the Plaintiff has suffered injury.

76.    As a direct and proximate result of the acts and omissions of the defendants as aforedescribed the Plaintiff suffered the following injuries, including, but not limited to: Damages to Plaintiffs career and standing in his profession; Impeded and foreclosed opportunities for promotion; Emotional distress; Other tangible injuries associated with the violation of his and constitutional rights.

## FIFTH CAUSE OF ACTION FOR
## VIOLATION OF 42 USC 1983, ET.SEQ. [VIOLATION OF PLAINTIFF'S 1st AMENDMENT RIGHT TO FREE SPEECH AND ASSOCIATION]
### *Against Defendants Santa Monica Community College District, Santa Monica Police Department, Kurt Tump and Albert Vasquez*

77.    Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

78.    In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiff under the First and Fourteenth Amendments to the United States Constitution for their actions, which are not limited to: retaliation for Plaintiff's union activity and for their actions of placing a gag order on Plaintiff. The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as an entity chartered under state law, and as policy making authorities to which Defendants delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

79.    The acts and omissions of Defendants as alleged herein manifested or conformed to official policies, customs, practices, or decisions of Defendant SMC in that SMC delegated to Defendants TRUMP and VASQUEZ its policy making authority in all matters of employment relations within the police department, and/or SMC, with knowledge of the afore said policies, customs, practices and

decisions of Defendants TRUMP and VASQUEZ, approved, ratified and adopted said policies, customs, practices and decisions. Specifically, Defendants TRUMP and VASQUEZ, at all times relevant to the allegations herein, maintained final policy making authority with respect to the adverse employment actions and the gag order against Plaintiff. It was or should have been plainly obvious to any reasonable policy making official of Defendant SMC that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continue to violate Plaintiffs clearly established constitutional and statutory rights.

80. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff's rights and to the injurious consequences likely to result from a violation of said rights. General, special, and exemplary damages are sought according to proof. Punitive damages are sought only against Defendants TRUMP and VASQUEZ according to proof. Injunctive relief is sought to command Defendants to refrain from any further retaliatory action against Plaintiff.

81. Plaintiff has suffered mental anguish, humiliation and emotional distress as a consequence of Defendants' conduct and economic damages according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff prays:

1. For general, special, exemplary damages according to proof;
2. For punitive damages;
3. For injunctive relief;
4. For back pay and front pay (wages, salary and benefits);
5. For compensatory damages (future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life);

SECOND AMENDED COMPLAINT FOR DAMAGES- 19

1   6.    For costs of suit;

2   7.    For attorneys fees under 42 USC §1988 and otherwise as permitted by

3         law; and

4   8.    For other appropriate relief.

5

6

7   Dated: August 15, 2011          **LACKIE, DAMMEIER & MCGILL APC**

8

9                                   BY: _____

10                                       Michael A. McGill
                                         Carolina Veronica Diaz
11                                       Attorneys for PLAINTIFF
                                         RUSSEL RUETZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES- 20**

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 367 North Second Ave., Upland, California 91786.

On **August 16, 2011,** I served the following document described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope addressed as follows:

| |
|---|
| *Attorneys' for Santa Monica Community College District, Albert Vasquez, Sheryl Agard, Jennifer Jones and Tara Crittenden*<br>Louis R. Dumont, Esq.<br>Jill W. Babington, Esq.<br>CARPENTER, ROTHANS & DUMONT<br>888 S. Figueroa Street, Suite 1960<br>Los Angeles, CA  90017<br>Phone (213) 228-0400<br>Fax (213) 228-0401 |

[  ]   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Upland, California.

[  ]   By Personal Service, I caused such envelope to be delivered by hand to the above addressee(s).

[X]   By Overnight Courier, I caused the above referenced document(s) to be delivered To an overnight courier (UPS) for delivery to the above addressee(s).

Executed on **August 16, 2011**, at Upland, California**.**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
ARLENE JUAREZ

PROOF OF SERVICE -1